[Crim. No. 1939. First Appellate District, Division Two.—March 12, 1937.]

THE PEOPLE, Respondent, v. ROBERT SCHENK, Appellant.

504

Victor Wells for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant and one Avelino entered a bookmaking place operated in a second floor flat and robbed the proprietor and one of the patrons. The defendant used a forty-five automatic pistol in the hold-up; his companion used a thirty-two. The police were notified and surrounded the place while the hold-up was in progress. In attempting to escape through the kitchen they were stopped by a police officer, who was shot in the shoulder by the defendant Schenk using the forty-five gun. This defendant then forced a woman to precede him down the rear stairs, where they were met by other officers. One of these shot Schenk in the arm; he was arrested and surrendered the gun used in the shooting of the officer. Every element of the crimes charged was. proved to a moral certainty and without any substantial conflict. The defendant took the witness stand in his own behalf and testified that, as he was attempting to enter the flat by the rear door, he was met by another man who looked like him, was dressed in the same kind of suit, overcoat and cap, and carried the same kind of gun as the one he carried, and that this other man had engaged in the hold-up and had shot the police officer.

Upon this evidence the defendant was tried with a jury upon four informations—two charging robbery, one charging assault with intent to commit murder, and one charging the offense commonly referred to as that of an ex-convict carrying a concealed weapon. The defendant was also charged with prior convictions of grand larceny, assault to commit

murder, and robbery, all of which were admitted. The jury found the defendant guilty on all four informations, and he appeals from the judgments.

The appellant complains that he was not given sufficient time to plead or to prepare his defense. The crimes were committed on October 20, 1936. The appellant was represented by the public defender until November 18, 1936, when he was called for plea. He then substituted private counsel whose request for a continuance was refused. His trial was set for November 25th. At that time his counsel asked for a continuance, and stated that he had a witness whose attendance he would like to secure. At the same time the codefendant Avelino changed his plea to guilty. Appellant's counsel then asked for a continuance on the ground that this change was a surprise to him. All motions were denied, and these are the only grounds argued for a reversal.

It is elementary that an appellate court will not search for error in order to reverse a judgment of a trial court, and that, unless the appellant shows prejudicial error, the judgment must be affirmed. (Art. VI, sec. 4½, Const.)

The mere statement by counsel that additional time was needed, and that some witness (unnamed and unidentified) might give material testimony, without a supporting affidavit in either case, presents no issue either before the trial court or before this court on an appeal from the judgment. Similarly, the mere statement that the trial court and the district attorney were both guilty of misconduct presents nothing calling for a decision.

A full and careful examination of the transcript of the trial shows that the appellant was given a fair and impartial trial, and that he was fairly convicted on all four charges.

The judgments are affirmed.

Sturtevant, J., and Spence, J., concurred.