## SCHENK v. PLUMMER, Warden.
### No. 9481.

Circuit Court of Appeals, Ninth Circuit.
April 19, 1940.

Robert Schenk, in pro. per.

Earl Warren, Atty. Gen., of California, and J. Q. Brown, Deputy Atty. Gen. of California, for appellees.

Before WILBUR, DENMAN, and MATTHEWS, Circuit Judges.

Circuit Court of Appeals, Ninth Circuit.
June 22, 1940.

Robert Schenk, in pro. per.

Earl Warren, Atty. Gen. of California, and J. Q. Brown, Deputy Atty. Gen. of California, for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a final decision by the District Court of the United States for the Northern District of California which, in a proceeding by appellant, Robert Schenk, against appellee, Clyde I. Plummer, Warden of the California State Prison at Folsom, denied appellant's petition for a writ of habeas corpus. The detention complained of was by virtue of process issued out of a California State court. People v. Schenk, 19 Cal.App.2d 503, 65 P.2d 895.

The District Court's decision was rendered on January 18, 1940. This appeal was taken on February 26, 1940. Thereafter appellant moved this court for an order appointing counsel to represent him on the appeal. We denied the motion on April 19, 1940, 113 F.2d 726. We there expressed doubt as to our jurisdiction to entertain the appeal, but did not pass on the question. The question is now squarely before us and must be decided.

Section 466, Title 28, U.S.C.A.,[1] provides: "From a final decision by a court of the United States in a proceeding in habeas corpus where the detention complained of is by virtue of process issued out of a State court no appeal to the circuit court of appeals shall be allowed unless the United States court by which the final decision was rendered or a judge of the circuit court of appeals shall be of opinion that there exists probable cause for an appeal, in which event, on allowing the same, the said court or judge shall certify that there is probable cause for such allowance."

Section 466 was not, as appellant seems to think, repealed by Rule 73 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c.[2] Rule 73 (a) creates no new right of appeal. It merely prescribes the manner in which an appeal may be taken when "permitted by law." From a final decision by a court of the United States in a habeas corpus proceeding where, as here, the detention complained of is by virtue of process issued out of a State court, an appeal is "permitted by law" when, and only when, a certificate of probable cause is obtained from the United States court which rendered the decision or from a judge of the circuit court of appeals. Section 466, supra.

Here, there is no certificate of probable cause. Hence, we have no jurisdiction to entertain the appeal. Genna v. Frazier, 5 Cir., 24 F.2d 706, 707; United States ex rel. Kreuter v. Baldwin, 7 Cir., 49 F.2d 262, 263; Comerford v. Hogsett, 1 Cir., 79 F.2d 486; Wilson v. Lanagan, 1 Cir., 79 F.2d 702. See, also, Bilik v. Strassheim, 212 U.S. 551, 29 S.Ct. 684, 53 L.Ed. 649; Ex parte Patrick, 212 U.S. 555, 29 S.Ct. 686, 53 L.Ed. 650.

Appeal dismissed.

---

[1] Act of March 10, 1908, c. 76, 35 Stat. 40, as modified by the Act of February 13, 1925, c. 229, §§ 6, 13, 43 Stat. 940, 942.

[2] Rule 73(a): "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."