[Crim. No. 2159.  First Appellate District, Division Two.—November 26, 1940.]

## THE PEOPLE, Respondent, v. MILO NELSON FRANKLIN, Appellant.

Milo Nelson Franklin, *in propria persona*, for Appellant.

Earl Warren, Attorney-General and Dennis Hession, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury and found guilty of robbery in the second degree.

There is no conflict in the evidence offered by the State in support of the charge laid in the information.  The defendant did not take the stand to deny any of the charges made by the State, and did not offer any evidence in support of his defense.  The prosecuting witness testified that she was an employee on duty in a candy store and that about 10:30 A. M. on April 7, 1940, the defendant entered the store, went to the cash register and ordered her to "Let me have it."

This witness gathered all the small change from the cash register, put it in a brown paper bag and handed it to defendant who then left, warning her to allow him fifteen minutes to escape or ''I am going to come back and let you have it.'' At about 12:10 P. M. of the same day the defendant came to the entrance of the same store at a time when this witness was talking with an inspector of the police department. When she saw the defendant she cried out to the inspector, ''There he is now.'' The defendant endeavored to escape, but was apprehended, and when taken to the station was found to have in his possession approximately twelve dollars in small change which was identified as approximately the amount taken in the robbery. Defendant's only explanation of his conduct at the time of his arrest and on subsequent conversations with the authorities was that he had been drinking, and so far as the holdup was concerned his mind was a blank.

He prosecutes this appeal *in propria persona,* and this accounts for many statements in his briefs which appear to have been prepared without close examination of the transcribed record. His criticisms of the conduct of the public defender are all of this type and do not merit consideration. His statement that he was not permitted to take the witness stand in his own defense is only partly true. He did not ask and was not denied the opportunity to take the witness stand as a witness in his own defense. ▇ Before the State had put in its proof he asked to be placed on the witness stand for the purpose of making a statement in support of an application for a continuance of the trial. No affidavit was filed in support of the motion, and, when defendant failed even to give the name of the absent witness, his application was properly denied under the terms of section 1050 of the Penal Code, which outlines the procedure necessary to be taken in support of such an application. (*People* v. *Schenk,* 19 Cal. App. (2d) 503 [65 Pac. (2d) 895].) ▇ A request for a continuance of the time of trial under such circumstances, as well as a request for a change of counsel, is a matter which is strictly within the discretion of the trial court, and we will assume that that discretion was properly exercised where as here no showing is made to the contrary.

▇ Some criticism is made of the argument of the district attorney which is in such general terms that it is difficult to label it a charge of misconduct. Something is said

about his reference to the fear of the employee of the store that the appellant had a gun in his pocket. Her evidence was that when the appellant approached her he "had his hand like this (indicating) and said, 'Let me have it.'" We, of course cannot tell from the printed record what the witness indicated as to the position of appellant's hand at that time. It may be that her testimony was such as would have enabled a jury to have inferred that the appellant made the motions of drawing or presenting a gun or that his action was such that it would at least have caused the witness to believe that such was his intention. If this were not the fact we cannot assume that the trial judge would not have cautioned the jury if a proper objection had been made at the time, but since no such objection was made, it is not an error which can now be said to have been prejudicial.

The record discloses that appellant was given a fair trial and a full opportunity to have presented a defense if any he had, and that none of the objections now raised is tenable.

The judgment and the order denying a new trial are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 23, 1940.