[Crim. No. 3627.   Second Dist., Div. Three.   Nov. 30, 1942.]

THE PEOPLE, Respondent, v. JAMES L. WHINNERY, Appellant.

Richard A. Haley for Appellant.

Earl Warren, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

SCHAUER, P. J.—Defendant Whinnery appeals from a judgment of conviction pronounced upon his plea of guilty of the crime of robbery. ██ ██ The sole contention is that the trial court abused its discretion in (1) refusing to allow a continuance, and (2) refusing to permit a substitution of attorneys, and that thereby defendant was denied a fair trial. The record fails to show any abuse of discretion or miscarriage of justice.

Appellant, hereinafter generally referred to as the defendant, and one Paul B. Potter were by amended information jointly charged with the commission of five felonies in Los Angeles County. Counts I, III and V charged robbery and counts II and IV charged kidnapping for the purpose of robbery. The information also alleged, in each count, that at the time of the commission of the offense therein described, the defendant was armed with a revolver, and it was further alleged that the defendant had suffered two prior felony convictions for each of which he had served a term of imprisonment in a penitentiary.

The defendant was first arraigned, on the original information, on April 9, 1942. He appeared personally and with an attorney. At his (defendant's) request the time to plead was continued to April 20, 1942. On the latter date defendant again appeared with the same attorney, the amended information was filed, defendant was rearraigned, pleaded not guilty to each count, and denied both priors. Trial was set for May 22, 1942. On May 12, 1942, the defendant (with his codefendant) was personally present in court. He was then informed by the trial judge that the attorney who had appeared for him at the arraignments was himself in jail. The judge specifically stated, ''Your attorney . . . got into difficulty himself and is now in the county jail. Your case is set for trial on the 22nd of May, and will go to trial on that date. . . . Mr. Whinnery, you understand the situation . . . ? . . . You understand you have a right to stay with him

if you want to, or to secure another attorney?'' The defendant replied in the affirmative to both questions.

On May 22, the defendant appeared with his attorney and then, for the first time, sought to substitute another attorney. The trial judge replied, ''The substitution will be permitted only if Mr. Haley [the attorney sought to be substituted into the case] is prepared to go ahead with the case.'' Mr. Haley stated that the defendant had contacted him at least seven days prior to this date but that he was not ready for trial. He said, ''It has been a case of trying to contact his friends on the outside so . . . [his original attorney] could be paid for the work he has done before I could come into the case.'' The trial judge pointed out, ''the defendant either was or was not able to employ counsel at the time I had him down here ten days ago. If he had been financially unable to employ counsel, the Public Defender's office would have been appointed. Instead of that, he chose to do the thing on his own responsibility. In other words, he has created the situation which now exists.'' The original attorney stated, ''I am perfectly willing to go ahead and try the case, because I am familiar with all the circumstances. I do not think I am incapacitated. I will be ready as soon as I get through with the case now on trial. I will be glad to have Mr. Haley come in as associate counsel.'' To this suggestion the court responded, ''If he is to be merely associated, there will be no objection to that. There will be no substitution, as far as this court is concerned.''

The case was then continued to May 26, 1942, and on that date the defendant again moved to have Mr. Haley *substituted* as his counsel. The trial judge stated, ''On the understanding he is ready for trial.'' Mr. Haley responded, ''The time elapsing between the last appearance and now has been taken up almost entirely with this case, and yet I am not anywheres near prepared.'' After some further discussion and proceedings in which the codefendant, Potter, who was represented by the same attorney as was originally employed by the appellant, asked and received permission to change his plea as to count III of the Amended Information from not guilty to guilty, the appellant personally requested a continuance and the record reflects the following proceedings: ''Your Honor, I would like to ask for a continuance of this case. Of course, it has been asked and refused before in this particular case. After all, it is my life, my liberty

that is at stake in this case. I haven't had the opportunity, the time—have been absolutely unable to get together and defend myself. I can defend myself, prove myself not guilty, if I was given the opportunity, but I haven't been given the opportunity. THE COURT: You may make that statement in the record. The record, however, shows that you have been here awaiting trial ever since the 6th of April. DEFENDANT WHINNERY: Yes, your Honor. THE COURT: There is nothing to show why you could not have prepared in that time. The responsibility is entirely yours. In other words, if you choose to mark time, choose to go ahead with one counsel when you could have had another, that is something you are responsible for. ... [THE ATTORNEY]: Your Honor, I do not want to be put in the position of pleading an innocent man guilty. THE COURT: Nobody asked you to plead anybody guilty. Send for a jury, Mr. Clerk. We will proceed with the trial. DEFENDANT WHINNERY: Under the circumstances, your Honor, I cannot defend myself. I have absolutely no defense for myself. THE COURT: I am not going to permit you to plead guilty unless you are guilty. DEFENDANT WHINNERY: I absolutely cannot defend myself. THE COURT: There is only one person who knows at the present time, so far as anybody in this courtroom is concerned, whether you are guilty or not, and that is yourself. If you plead guilty, it is with the understanding, distinctly, that there is not any holding back or any crossing of fingers or any pulling of punches here; if you plead guilty you are guilty. DEFENDANT WHINNERY: If I plead guilty it is an acknowledgment I am guilty.''

After a further oral and unavailing plea by Mr. Haley for a continuance, the defendant was permitted to withdraw his plea of not guilty as to count III, was arraigned for change of plea, and pleaded guilty. He admitted that at the time of the offense he was armed with a deadly weapon and he also admitted the two prior convictions. Time for sentence was waived, sentence was pronounced, and on motion of the deputy district attorney the four other counts of the information were dismissed.

No motion appears to have been made for permission to withdraw the plea of guilty and there is no contention that defendant is in fact innocent of the crime to which he pleaded guilty. Neither on May 22 nor on May 26, in applying for a continuance, did the defendant produce any competent evidence tending to show that he would be prejudiced by going

to trial on the latter date or that his original attorney was not prepared to try his case properly. Certainly no inducement appears to have been offered to persuade defendant to plead guilty if he was not in fact guilty. Indeed, the contrary appears.

In exercising its discretion in denying the motions for substitution of attorneys and for continuance of the trial the trial court appears to have had in mind and to have considered "all the material facts in evidence . . . together also with the legal principles essential to an informed, intelligent, and just decision." That, then, was a proper exercise of judicial discretion as that term is defined and explained in *Gossman* v. *Gossman,* (1942) 52 Cal.App.2d 184, 194-195 [126 P.2d 178].

Because we espouse the doctrine quoted by defendant from *People* v. *Braun,* (1939) 31 Cal.App.2d 593, 603 [88 P.2d 728, 732] and taken from *Hurd* v. *People,* (1872) 25 Mich. 404, 416, that "though unfair means may happen to result in doing justice to the prisoner in the particular case, yet justice so attained is unjust and dangerous to the whole community," we place our decision solely on the conclusion that on the record the trial court did not abuse its discretion, and we do not rely on the proposition that no miscarriage of justice is shown as is required for a reversal by section 4½ of article VI of the state Constitution.

The policy of the state with respect to the trial of criminal cases is stated in section 1050 of the Penal Code. "The court shall set all criminal cases for trial for a date not later than thirty days after the date of entry of the plea of the defendant. No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." The courts will at all times be zealous in guarding the right of a person accused of crime to have the aid of counsel to defend him. The trial court here exemplified that zealous regard for the rights of the defendant by calling him into court on May 12 and advising him concerning the situation of his attorney. But zealous regard for the rights of the defendant cannot be exercised without similar regard for upholding the policy of the state. The same act which paternally acquainted defendant with the facts concerning his attorney so that he might act advisedly in his own interest, likewise sternly put him on notice that he must be ready to go to trial on May 22.

In other words, the notice to defendant on May 12 operated not only to protect *his right* to adequate representation at the trial but also to protect the *right of the people* to place the defendant on trial on the date set. It is appropriate to adopt here the language of Mr. Justice White in *People* v. *Shaw,* (1941) 46 Cal.App.2d 768, 774 [117 P.2d 34], "To hold that a defendant charged with crime has an absolute right to counsel of his own selection, with unlimited right to insist upon continuances of his trial, would be subversive of the prompt administration and execution of the laws—upon which depends largely their effectiveness. It is at once apparent that the trial court must in the nature of things have some control over such matters, to the end that judicial business may be dispatched in an orderly manner; and if it has any discretion it is apparent to us that such discretion was not abused in this particular instance." See also *People* v. *Franklin,* (1940) 41 Cal.App.2d 669, 670 [107 P.2d 500].

The judgment is affirmed; the attempted appeal "from the ruling of the Court denying defendant's motion for a continuance and the proceedings therein taken" is dismissed.

Shinn, J., and Wood (Parker), J., concurred.