38 So.2d 1

### Ex parte LEETH NAT. BANK.

### 6 Div. 817.

Supreme Court of Alabama.

Dec. 23, 1948.

W. Marvin Scott, of Cullman, for petitioner.

Kilpatrick & Entrekin, of Cullman, for respondent.

STAKELY, Justice.

The question for decision in this case is whether the register in a court of equity has the power to appoint a receiver. The register of the Circuit Court of Cullman County, in Equity, made an order appointing a receiver. Cullman County is one of the counties which comprise the 8th Judicial Circuit. Hon. J. H. Crow, Jr., one of the Judges of the 8th Judicial Circuit, set aside the order made by the register. The present proceeding is an original petition to this court for mandamus to compel Hon. J. H. Crow, Jr., to vacate the order made by him. Obviously if the register does not have the power to make the appointment, we will not issue the writ. We do not think that the register has such power and will undertake to show the basis for our conclusion.

We set out Equity Rule 89 which appears on page 1114 of the volume designated as Title 7, Code of 1940, which is as follows:

"Registers in chancery may make and direct all interlocutory orders not affecting the merits of the suit, but preparatory to the hearing of a cause on its merits. But the register cannot grant or dissolve injunctions, appoint receivers, set aside writs of ne exeat or any attachment or make any order required by statute or rule to be made by the court or a judge. Any order properly made by the register shall have the same effect as if made by the judge, and is subject to control by him on appeal, and when an appeal is taken from a ruling by the register, the register shall certify the appeal in a report. Appeals from orders and findings of the register and of masters may be taken to the judge at any time, and may be heard at any place in the jurisdiction which the judge may choose."

Equity Rule 89 is a rewriting of the old Chancery Rules 1 and 2 and clearly adds the words "appoint receivers" to the old rules and to the category of those orders which a register cannot make. So far as we are aware the register has never had the power to grant or dissolve injunctions. See §§ 1038 and 1039, Title 7, Code of 1940; Sim's Chancery Practice, p. 429 et seq., or set aside writs of ne exeat, see Code of 1907, § 3180; Acts of 1945, p. 703, Code 1940, Tit. 7, § 301, and has had power only in limited instances to dissolve equitable attachments. § 311, Title 7, Code of 1940. So when the prohibition against appointment of receivers is placed along with the prohibition against granting or dissolving of injunctions and the setting aside of writs of ne exeat or attachments, the meaning appears to be clear.

The foregoing interpretation also seems to be in keeping with the changes which have been made from time to time with reference to the appointment of receivers. It is not unreasonable to consider that these changes have been made in the light of increase in the number of circuit judges throughout the state and their greater accessibility due to improved communications. In the Code of 1907, when the state was divided into five chancery divisions, and the chancellor was often not accessible, the register had the power to appoint receivers when the court was in vacation. § 5726, Code of 1907. Under § 10113 of the

Code of 1923, the register was authorized to appoint a receiver in the absence of the judge. In other words it was no longer deemed advisable for the register to make such appointment when the judge was accessible. Today according to the rule which we have set forth, the power of such appointment is taken altogether from the register.

■ But it may be contended that the foregoing rule does not govern, but on the contrary the situation is controlled by statutes which we set out as follows:

"Receivers may be appointed by the circuit judge and by the register in the absence of the judge upon application in writing; and when the application is made to the register, reasonable notice of the time of such application, and the person to whom it will be submitted, must be given, or a good reason shown to the register for the failure to give the same." § 1156, Title 7, Code of 1940.

"The supreme court has authority: * *

"To establish rules of practice in such court, and all other courts of record in the state, not contrary to the provisions of this Code. * * *" § 17, Title 13, Code of 1940.

And the Supreme Court also had authority to make equity rules pursuant to an act of the legislature approved June 15, 1935, General Acts 1935, p. 177, Code 1940, Tit. 7, § 290, wherein it was provided that in adopting them the Supreme Court may disregard any and all statutes and rules of court or court decisions now existing which may be inconsistent with any new rule or rules they may adopt.

Equity Rule No. 1, page 1037, Title 7, Code of 1940, was adopted in the light of that statute, and is as follows:

"Scope of rules. These rules govern the procedure in the Circuit Courts of the State of Alabama, and in all other courts having equity jurisdiction, created by the Legislature, and in the Supreme Court of Alabama in all suits cognizable under the equitable jurisdiction of those courts. They shall be construed to secure the just, speedy, and inexpensive determination of every such suit, and supersede all sections

of the Code and Statutes, or parts thereof, in conflict with these Rules."

The rules were adopted and became operative January 1, 1940. The Code became effective May 31, 1941. They related alone to equity practice. Although at that time § 10276, Code of 1923, subsection 4, § 17, Title 13, Code of 1940, was then in effect, it had general application to all courts of record in the State which included equity courts. But the Act of June 15, 1935, supra, was subsequently enacted and therefore engrafted an exception to § 10276, supra, so that as to equity courts, the words in it "not contrary to the provisions of this Code" were in substance stricken, but as to equity courts that act in substance provided that the rules so adopted should have superiority over the Code sections when inconsistent.

The substance of that act was also brought into the Code of 1940 as §§ 289 and 290, Title 7.

The effect of such legislative provision is that the equity rules supersede anything in the Code contrary to them, whereas by virtue of § 17(4), Title 13, Code of 1940, rules made by the Supreme Court applicable to other courts of record of an inferior jurisdiction are subordinate to the Code provisions.

■ We had occasion in Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, to analyze the power of this Court to make rules for the circuit court, and pointed out that such power must be conferred either by statute or the constitution, and that unless otherwise provided by law such rules are subordinate to legislative statutes. But when the statute gives such authority and provides for superior effect of the rules and then adopts the Code which expressly recognizes them, § 289, Title 7, Code of 1940, they become in substance of "legislative origin."

Section 17(4), Title 13 and §§ 289 and 290, Title 7, therefore have separate fields of application. The former applies to all courts of record other than the equity courts, and the latter has application only to equity courts.

Since Equity Rule 89 is controlling and prohibits the appointment of a receiver by

a register, the court had the power to expunge the order made by the register. Taylor v. Jones, 202 Ala. 18, 79 So. 356.

Accordingly the writ will be denied.

Writ denied.

BROWN, FOSTER, LIVINGSTON and LAWSON, JJ., concur.