127 So.2d 832

**R. L. FAUST**

v.

**Hugh PARAMORE et al.**

4 Div. 948.

Supreme Court of Alabama.

Sept. 8, 1960.

Rehearing Denied March 23, 1961.

W. R. Martin, Ozark, for appellant.

Brown & Steagall, Ozark, for appellees.

GOODWYN, Justice.

The appellees, Hugh Paramore and Claudie Mae Paramore, filed a bill in the circuit court of Dale County, in equity, against appellant, R. L. Faust, to redeem certain lands from a mortgage foreclosure sale. Faust's demurrer to the bill was overruled. Hs appealed from that ruling and we affirmed in Faust v. Paramore, 266 Ala. 9, 93 So.2d 787. Faust then answered the bill and an oral hearing was had before the trial court. A final decree was rendered on August 12, 1957, granting relief to Claudie Mae Paramore.

On September 11, 1957, Faust filed in the office of the register an "application for rehearing and to vacate or amend decree of the court dated August 12, 1957." The record does not contain any order, entry, or notation showing the date said application was presented to the trial judge. However, the record does contain the following order dated October 7, 1957, and filed in the register's office on October 8th, viz.:

"The motion and application for a rehearing in this cause, heretofore submitted to the Court for consideration, is hereby continued for hearing until the 19th day of October, 1957, at Clayton, Alabama.

"Dated this the 7th day of October, 1957.
          "George C. Wallace
          Judge, Third Judicial
          Circuit Court In and For
          Dale County, Alabama, in
          Equity"

We do not understand Faust to contend that the application for rehearing was presented to the trial judge within 30 days after the decree of August 12, 1957.

On October 9, 1957, the Paramores filed a motion to strike Faust's rehearing application on the ground, among others, that it "was not duly presented to the Judge who rendered the decree within thirty days from the date of said decree," as required by Equity Rule 62, Code 1940, Tit. 7, Appendix.

On October 18, 1957, the trial court, without acting on the motion to strike, so far as the record discloses, rendered "an amendment to final decree" which, in effect, reaffirmed the August 12th decree, except for the amount to be paid for redemption, which was increased by approximately $90, the deletion of a finding that Faust did not make a sufficient written demand upon Claudie Mae Paramore for possession of the lands, and the taxing of costs. Faust brings this appeal from that decree. No appeal was taken from the final decree rendered on August 12, 1957.

We are confronted at the threshold with appellees' insistence that the decree appealed from is invalid because the application for rehearing was not presented to the trial judge within 30 days after the decree of August 12, 1957. In other words, appellees take the position that Equity Rule 62 is mandatory and that unless an application for rehearing is filed with the register and presented to the trial judge within 30 days from the date of the decree the trial court is without authority to grant a rehearing and modify the decree. On the other hand, appellant takes the position that § 119, Tit. 13, Code 1940, is controlling, the insistence being, as stated in brief, that "the Code section governs rather than Rule 62 which is court made by this court, and not a law enacted by the legislature." In other words, appellant argues that since the trial judge did not reside in Dale County, where the case was tried, the application for rehearing was properly presented to the trial judge within 60 days after the decree was rendered.

We are constrained to hold that the position taken by appellees has merit and that the appeal is due to be dismissed. We proceed to a discussion of our reasons for this conclusion.

Equity Rule 62, in pertinent part, provides as follows:

"Re-hearing. A party desiring a rehearing of a cause after decree must file application for rehearing with the register and present same to the judge who rendered the decree within thirty days from the date of said decree. * * * Upon presentation of such application the judge may in his discretion suspend execution or operation of said decree by order issued to this effect. The judge may grant or overrule said application or modify said decree, as justice may require, or set same down for rehearing, upon such terms and conditions as he may deem just. In any event the judge must enter an order or decree setting forth his ruling. No appeal will lie from such order unless it modifies the decree. The time for appeal is suspended pending the ruling on such application."

Section 119, Tit. 13, Code 1940, provides as follows:

"After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; provided that in any county in which the trial judge did not reside on the date of the trial such motion may be filed in the office of the clerk, or register, of the court of the county having jurisdiction of said cause, within thirty days from the date of the rendition of the judgment or decree, and the court shall lose all power over it sixty days after the date of the rendition of such judgment or decree as completely as if the end of the term had been on that day unless such motion is called to the attention of the court and an order entered continuing it for hearing to a future date."

If it be conceded that it was intended by § 119 to permit the presenting of an application for rehearing to the trial judge within 60 days from the date of the rendition of a decree, as contended by appellant, then § 119 would be in direct conflict with and repugnant to the specific requirement of Equity Rule 62 that the application *must* be presented within 30 days. So, the question is: Assuming that § 119 is, with respect to the time allowed for presenting an application for rehearing to the trial judge, repugnant to Equity Rule 62, which controls?

Code 1940, Tit. 7, § 289, provides as follows:

"The Alabama equity rules adopted by the supreme court for equity practice in the courts of this state are hereby recognized; and the supreme court is empowered to adopt, from time to time, rules of pleading, practice and procedure in suits and proceedings in equity, and to amend the same, and said court may disregard any statutes, and rules of court or decisions inconsistent therewith, insofar as the same may be done agreeably to the constitutions of Alabama and of the United States."

In Ex parte Leeth Nat. Bank, 251 Ala. 498, 500, 38 So.2d 1, 3, this court had the following to say about § 289, viz.:

"The effect of such legislative provision is that the equity rules supersede anything in the Code contrary to them, * * *.

"We had occasion in Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, to analyze

**22**

the power of this Court to make rules for the circuit court, and pointed out that such power must be conferred either by statute or the constitution, and that unless otherwise provided by law such rules are subordinate to legislative statutes. But when the statute gives such authority and provides for superior effect of the rules and then adopts the Code which expressly recognizes them, § 289, Title 7, Code of 1940, they become in substance of 'legislative origin.' "

See, also, Ex parte Burns, 266 Ala. 241, 96 So.2d 308; Stuckey v. Murphy, 224 Ala. 8, 138 So. 289; Equity Rule 1, Code 1940, Tit. 7, Appendix, p. 1037.

It follows, from what was said in Ex parte Leeth Nat. Bank, supra, that Equity Rule 62 is controlling. Accordingly, we have no alternative but to dismiss the appeal. It is so ordered.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.