189 So.2d 787

Henry KING

v.

STATE.

6 Div. 135.

Court of Appeals of Alabama.

Aug. 23, 1966.

**320**

Henry King, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

The January 1965 session of the Jefferson County Grand Jury indicted King for robbing Joe Sanks of a forty-five caliber Colt pistol.

June 16, 1965, a jury found him guilty as charged, and fixed his punishment at ten years in the penitentiary. He was properly adjudged guilty and sentenced by the court.

June 24 King gave notice of appeal. On July 12, 1965, the trial judge appointed counsel to represent defendant on appeal.

I.

November 15, 1964, Sanks was a private detective employed by A. G. Gaston. He was attending in a social capacity the Sandridge Country Club in Jefferson County. As he stood at the hat check counter about to put on his hat to leave, three masked men appeared.

One had a rifle and another a double barreled shotgun. One put a gun in Sanks's back saying, "This is a stick up." He ordered Sanks into the main area of the Club.

Sanks testified that the "little low one" of the three robbers took his pistol from a holster on his left side.

Shots were fired. Five or ten minutes later Sanks went to another part of the building. There he saw the defendant lying wounded on the floor with his mask off beside him and a "rifle laying down on him."

Through the testimony of the assistant manager of the Club, the rifle and mask were identified and introduced by the State in evidence.

It was also proved that only members could be admitted and that the defendant was not a member.

The testimony of Sanks and the assistant manager was corroborated by testimony

of other witnesses which, if believed to the required degree, was an ample basis for the jury's verdict.

The defendant adduced no evidence.

## II.

The record here was filed with our clerk December 17, 1965. Defense counsel filed no brief and made no request for oral argument.

On February 24, 1966, the Attorney General filed a brief on behalf of the State as appellee. The cause was submitted that day.

March 22 the appellant, pro se, from the Jefferson County jail filed a motion for continuance of "time for filing appeal."

As grounds he claimed that (a) his court appointed lawyer had "withdrawn from *further* work on the case" (italics added); (b) appellant was "without counsel or aid of an attorney to file *the* brief on Appeal" (italics added); (c) without extension of time, appellant (by himself alone) "would be forced into filing an Appeal Brief"; and (d) appellant was "unable to act as his own counsel."

We instructed the Clerk to advise the appellant:

"The Court has considered your request of March 20, 1966, wherein you claim that the attorney appointed by the circuit court to prosecute your appeal, Hon. Harold Ackerman, has withdrawn 'from further work on the case,' and that you be allowed further time in which to file your appeal.

"The appellate record was filed in this Court on December 17, 1965. The cause came on for submission February 24, 1966. The record shows that Judge Gib-

son appointed Mr. Ackerman to represent you on appeal on the 12th day of June, 1965, and so far no notice of withdrawal has been given this Court. February 25, 1966, the additional appearance of Hon. John D. Prince, Jr., as counsel, was noted on our records.

"The Court, in consideration of the foregoing, has denied your request for delay."

Under our express statutory authority "to establish rules of practice in [this] court," Code 1940, T. 13, § 89,[1] this court by unvarying custom has followed where applicable the rules from time to time adopted by the Supreme Court of Alabama for appellate practice in that court.

Revised Supreme Court Rule 16 reads:

"In criminal cases, and in all other cases in which briefs are not required, the name of the defendant and his mailing address, or the name of his attorney and his mailing address, shall be shown on the face of the record.

"In such cases, the clerk of this court shall notify the appellant and the appellee, or their attorneys, when the record is filed in this court. Thereafter, each party shall have ten days in which to notify the clerk whether a brief will be submitted in the cause. A failure to so notify the clerk within the time allowed shall be deemed a consent for the clerk to immediately submit the case in term time.

"Where the clerk is duly notified by either party that briefs will be filed, the cause will then be called and tried as civil cases are called and tried, as provided in Rule 4(4), supra, and briefs will be filed by respective parties as provided in Rule 12, supra.

---

1. Code 1940, T. 13, § 17, does not supersede this part of § 89 because of the proviso in § 17(4), i. e., "To establish rules * * *, not contrary to the provisions of this Code." See Ex parte Leeth Nat. Bank, 251 Ala. 498, 38 So.2d 1 (hn. 3); Ex parte Foshee, 246 Ala. 604, 21 So.2d 827. Moreover, it is significant that the Supreme Court in its order revising the Rules made no mention that it was ordering the Rules to govern practice in the Court of Appeals.

"No criminal case will be dismissed because of failure to file briefs therein."

See O'Neal v. State, 267 Ala. 79, 99 So.2d 701.

Briefs in criminal appeals are not required because of the strictures of Code 1940, T. 15, § 389:

"In cases taken to the supreme court or court of appeals under the provisions of this chapter, no assignment of errors or joinder in errors is necessary; but the court must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands. But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant."

Under the second sentence of the second paragraph of Rule 16 quoted above, this cause came on for submission when the appellee (the State) filed its brief February 24, 1966.

■. It is the practice of this Court—because of the fluidity of § 389—to accept briefs in criminal cases at any time before final disposition. This liberality is justified on the theory that the Court is willing to have help from any bona fide source. However, this practice has no implication that the appeal will be postponed or delayed *after it has come under submission.*

To permit this tactic would encourage appellants to shed counsel at every turn so as to put off the coming of the penitentiary agent with his Dog Wagon.

Here the two attorneys mentioned in the Clerk's letter of March 30, 1966, have not to date filed any briefs. Otherwise, the situation here is very much like the cunctative

motion in Holloway v. State, ante p. 153, 182 So.2d 906.

We quote again from People v. Terry, 224 Cal.App.2d 415, 36 Cal.Rptr. 722:

"Even if defendant intended to seek counsel himself (a contingency not even suggested either in the trial court or here), he was required to act with some degree of promptness. He showed no sound reason for discharge of Mr. Maynard. To replace that attorney would require continuance to permit new counsel to prepare. A rule permitting such a move at mere whim would invite repetition and intolerable interference with orderly discharge of all business of the court. A long delayed request for substitution, unless for compelling reason, need not be granted (People v. Whinnery, 55 Cal.App.2d 794, 131 P.2d 33; People v. Linden, supra, 52 Cal.2d 1, 15, 338 P.2d 397; People v. Dorman, 28 Cal.2d 846, 850–852, 172 P.2d 686). Even the most reluctant defendant must some day be tried, and the court is not required to disrupt its calendars indefinitely while awaiting that day."

■ Hence, we here finally and formally deny the appellant's request in the motion above mentioned filed March 22, 1966, because it came after submission and involved a request for an indefinite delay.

### III.

We have reviewed the entire record as required by § 389, above quoted. From this examination, we understand why appellant's lawyers filed no briefs. All that could have been said would have been, "There is no error in the record."

The judgment below is

Affirmed.