208 So.2d 589

**R. L. FAUST**

**v.**

**Claudie Mae PARAMORE.**

**4 Div. 238.**

Supreme Court of Alabama.

Feb. 15, 1968.

Rehearing Denied April 11, 1968.

1. 281 Ala. 542.

J. Hubert Farmer, Dothan, for appellee.

Henry B. Steagall, II, and T. L. Borom, Ozark, for appellant.

LIVINGSTON, Chief Justice.

Plaintiff (appellee) filed an amended complaint in the Circuit Court of Dale County, Alabama, to recover judgment against appellant for use and occupation of a described tract of land. The jury returned a verdict for plaintiff pursuant to an oral charge of the court that was equivalent to a directed verdict except as to the amount of damages for such use and occupation.

The evidence in all material respects was not in dispute except as to the damages for use and occupation. The evidence shows that appellant (defendant below) became

the purchaser of appellee's tract of land at a mortgage foreclosure sale under the power of sale in a mortgage given by appellee and her husband to an Ozark bank.

In the exercise of her statutory right of redemption, appellee made written demand on appellant, within lawful time, for a statement, in writing, of all lawful charges claimed by him as an incident to said redemption.

Following this demand, appellant replied in writing that "if redemption rights exist" the amount was $10,180.21 according to an itemization therein appearing.

Contending that she had tendered said sum of $10,180.21 to appellant, which he refused, appellee filed her bill in the Circuit Court, in Equity, of Dale County, to redeem said land. She paid into court at the time the said sum aforementioned.

Respondent Faust demurred to the complaint as subsequently amended, and from an adverse ruling on the demurrer took an appeal to this court. This appeal was before the present law denying an appeal on an adverse ruling on demurrer. This court affirmed the decree of the trial court. Faust v. Paramore, 266 Ala. 9, 93 So.2d 787.

After affirmance, the case was tried on its merits. The trial court entered a final decree on August 12, 1957, with a finding that redemptioner had paid into court the correct sum, but ordered that an additional amount be paid for accrued charges. The decree allowed her to redeem the said lands and ordered respondent to execute and deliver to her a statutory warrant deed to said tract.

Thereafter, respondent filed and presented a motion for a rehearing. The trial court, responding to the motion, filed an amendatory decree, in substance, the same as the original decree except that a few more dollars were added to the amount of accrued charges.

Respondent then took another appeal to this court from the amended decree made and entered in response to the motion for rehearing. This court held that the amended decree was invalid because the motion for rehearing was not filed and presented within the time fixed by Equity Rule 62, Title 7, Code of 1940. The appeal was dismissed. Faust v. Paramore, 272 Ala. 19, 127 So.2d 832.

We might observe here that the original bill to redeem was filed on January 30, 1956. Motion for rehearing on the last appeal was denied on March 23, 1960. Plaintiff's suit to recover for the use and occupation of the land was amended to claim damages or rent from said date of January 30, 1956.

We note that appellant was in possession of the tract for more than four years after the original bill to redeem was filed and the redemption money paid into court. During that time, appellant had the opportunity to collect rents and receive emoluments from the land. Appellee was without the use of her money during this time.

The litigation in the trial court and on appeals turned out to be without merit and was fruitless to appellant. There was no appeal from the original decree, but as we have already observed, an appeal was taken from the amended decree which was abortive. The appeals served only one purpose; namely, to keep appellant in possession to the exclusion of appellee who was lawfully entitled thereto. Justice in the instant case is on the side of appellee.

We held in Parmer v. Parmer, 74 Ala. 285, that "The effect of the tender [in a suit as here], even if refused by the mortgagee, if made in time, is to re-invest the mortgagor with the title to his property, of which he was divested by the mortgage sale. The statute so expressly declares. —Code of 1876, § 2879." This provision of the Code of 1876 does not appear in our Codes after § 3507, 1896.

■ While this Code provision was omitted after the Code of 1896, it is our

opinion, and we so hold, that when the nisi prius court ascertained the correct amount in its original decree of August 12, 1957, and in the same decree ordered respondent to execute and deliver a deed to appellee, the legal effect was to reinvest appellee with title to the tract. This title remained unchallenged and undisturbed by the appeal from the amended decree that was invalid. So, with respect to the original decree, which invested title, there was no appellate review, and title reposed quietly in appellee while the second appeal on the invalid decree was pending.

We here paraphrase the observation of the late and eminent Justice Stone in Carlin v. Jones, 55 Ala. 624, 630, and observe that after the reinvestment of title in appellee, appellant held the land in his own wrong. To relieve him of rents, is to offer inducement to all persons, in like conditions, to resist redemption and retain possession, that they may enjoy the rents and profits. This would be to reward a violation of the law.

The complaint in the instant suit, to recover for use and occupation of the land, is predicated on Section 46, Title 31, Code of 1940. This section has five subsections. Appellant here contends that the form of action under this Code section is neither sufficient nor designed to recover the rental value of the tract here involved.

To support this contention, appellant has filed an elaborate brief in which he cites and argues numerous decisions of this court which deal with Subsections (1), (2), (3) and (4) of Section 46, supra. These cases, in our opinion, have no decisive bearing on Subsection (5), which appellee contends supports the judgment.

It is provided in Section 46, supra, that "reasonable satisfaction may be recovered for the use and occupation of land: * * *

"(5) When for *any reason* the defendant is *estopped* from disputing the title of the plaintiff as to the use of the land occupied. In no case shall a mere claim or assertion of powers, right, or title of the defendant to that of the plaintiff be a defense unless the claim of right or *title* of the defendant *be bona fide."* (Emphasis supplied.)

When the instant complaint was filed, the defendant was estopped by the final decree (dated August 12, 1957) from disputing the title of the plaintiff. Appellant, we again note, did not seek judicial review of this decree. Title was not drawn in litigation pending an appeal. He kept possession pending an appeal from the wrong decree. We pretermit considering the effect of an appeal from the original decree. It was no defense to the instant suit that appellant was entitled to possession of the tract, free of rent, or we might say, free of reasonable satisfaction for the use and occupation of the tract, pending litigation over the title. He could not make a bona fide claim of title. There was no jury question involved except the reasonable satisfaction for the use and occupation of the land.

We have reviewed numerous cases, many cited by appellant, dealing with Subsections (1), (2) and (3) of Section 46, supra. These cases limit recovery for use and occupation under these subsections to the existence of certain conditions and facts arising out of a relation between the parties that is founded on an express or implied contract which estops the defendant from drawing the title of the owner into controversy. Powell v. New England Mortgage Security Company, 89 Ala. 490, 8 So. 136. In the case of Jones v. Scott, 249 Ala. 336, 31 So.2d 361, it is said:

"In all cases brought under subsections 1, 2 and 3 of section 46, Title 31, Code, there must exist a relation between the parties founded on the express or implied contract which estops the defendant from drawing the title of the owner into the controversy, and under subsection 4 of that statute, the action may be maintained if possession was obtained unlawfully. * * *"

We may observe that so far as our investigation reveals from the cases we have read, including those cited in appellant's brief, no decision of this court has been rendered construing the decisive effect of Subsection (5) in its application to facts paralleling those in the instant case.

■ We note that Subsection (5), supra, authorizes recovery for use and occupation when "for any reason" the defendant is estopped from disputing the title of plaintiff. This subsection broadens the scope of the estoppel which prior decisions had limited to a relation founded on an express or implied contract.

This Subsection (5), supra, first appeared in the Code of 1923, while Subsections (1), (2) and (3) were of long standing. Subsection (4) of said section appeared first in the Code of 1907. It is reasonable to say that the legislature did not include Subsection (5) in the 1923 Code just to reaffirm pronouncements of this court in the construction and meaning of prior subsections. Such reaffirmation would not have been necessary because the adoption of the Code of 1923 would have had that effect. The inclusion, as we have already stated, was to expand or extend the scope of estoppel. The expansion was to prevent injustice, such as would obtain in the instant case were plaintiff denied reasonable satisfaction for defendant's use and occupation of the land during the prolonged period that it took him to obtain an appellate pronouncement on the demurrer and on an abortive decree.

■ All argued assignments of error are without merit. Those not argued are waived.

The judgment is affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.