# Hutto, *et al. v.* Walker County.

## *Contest of Stock Law Election.*

(Decided November 27, 1913.   Rehearing denied February 5, 1914.
64 South. 313.)

1. *Statute; Validity; Stock Law Election.*—The provisions of section 5887, Code 1907, considered and held to make adequate provision for the contest of stock law elections, as rendering the procedure provided by sections 471-488, Code 1907, assimilable to such contest.

2. *Same; Procedure; Incorporation of Existing Law.*—Where a statute specifies a certain procedure for a special proceeding and it is not complete in itself, it may by reference adopt the provisions of an existing system for the regulation of the new proceedings, and when for this purpose it adopts the procedure prescribed by existing statutes, it is not affected by any subsequent modification of or repeal of the statutes adopted.

3. *Animals; Stock Law Election; Contest; Bond.*—Under section 5887, Code 1907, the filing of the bond required of the contestant for the payment of costs is jurisdictional, and without it the court cannot proceed.

4. *Same; Obligee.*—While under section 5887, the bond for costs should be made payable to contestee, a bond made payable to the state of Alabama for the use of the county in which the contest is instituted is sufficient.

5. *Same; Notice; Service.*—The service of notice and the designation of the county solicitor is satisfied by service on the person of the solicitor of the law and equity court of the county having no county solicitor, and service on him is sufficient.

6. *Same; Judge; Disqualification.*—Where the judge of probate was disqualified to try a stock law election contest but nevertheless approved the contestant's bond issued notice of the contest to the solicitor, set a day for the hearing of the contest, and then certified his incompetency, his acts were voidable only and not subject to impeachment except on motion seasonably made in that court, or as error on appeal.

APPEAL from Walker Probate Court.

Heard before Hon. NORMAN GUNN, Special Judge.

Stock law election contest by R. M. Hutto and others against Walker County.   From a decree dismissing the petition, petitioners appeal.   Reversed, rendered, and remanded.

The election was held in beat 9 of Walker county on February 26, 1913, at which the proposition for prohib-

[Hutto, et al. v. Walker County.]

iting stock at large was affirmatively carried by a majority of one vote according to the official return. Petition was filed by the qualified electors of the beat and county named, and notice thereof was duly served upon J. D. Acuff, solicitor of the law and equity court of Walker county, as the statutory representative of the county. The solicitor filed a motion to dismiss the petition on the following grounds: (1) There is no law authorizing the contest of a stock law election before a probate judge. (2) There is no valid law authorizing the contest of a stock law election. (3) The court is without jurisdiction to hear said contest. (4) No sufficient statutory grounds are stated to give this court jurisdiction of this contest. (5) Because section 1587 of the Code has been repealed. (6) Because said section 1587, under which the contest is filed, is inoperative because inappropriate. (7) Said section is inoperative and inequitable and inappropriate because it does not provide any notice to any person adversely interested in the election, and does not require an appearance by the solicitor until the execution of a bond for costs, signed by three or more qualified electors of the county. (8) Because notice of said contest has not been served upon the circuit solicitor, and there is no county solicitor for Walker county. (9) No sufficient bond was given. (10) The court is without jurisdiction because the bond was made payable to the state of Alabama for the use of Walker county. (11) Because the bond was approved by the judge who is incompetent to try the case, and has certified his incompetency. The court granted the motion, dismissed the contest, and put the cost upon petitioner.

GRAY & JONES, W. F. FINCH, and DAVIS & FITE, for appellant. The authority for contesting an election

of this character is found in section 5887, Code 1907, which was framed to meet the defects in the original acts as pointed out in the case of *Beason v. Shaw,* 42 South. 611. Ample machinery is provided by reference to section 417-488, Code 1907. The fact that these latter sections have been amended, does not affect the present proceedings.

BANKHEAD & BANKHEAD, for appellee. The provisions of section 5887, do not dispose of the principal decided in the case of *Beason v. Shaw,* 148 Ala. 544, following the case of *Clark v. Jones,* 60 Ala. 271, as the effort to provide a contest is inappropriate.—*Coleman v. Town of Eutaw,* 157 Ala. 827. The filing and service of notice with the solicitor of the law and equity court was not sufficient under section 5887, Code 1907. In any event, the methods providing for contesting the election have been changed by Acts 1911, p. 195, and hence, no sufficient method of contest is now provided. —*Scheuing v. State,* 59 South. 160.

SOMERVILLE, J.—The contest is filed under section 5887 of the Code of 1907, which is as follows: "Such election may be contested on the same grounds and in the same manner before the probate judge as contests of election of constable, and had before such probate judge, in the following manner: Any qualified elector of the precinct, or precincts, for which such election shall be held, may contest the election by executing a bond with two sufficient sureties, to be approved by the judge of probate of the county for the payment of the costs of the contest. Notice of the contest shall be served on the circuit solicitor of the county, or county solicitor, if there is one, and upon the execution of a bond for costs signed by three or more qual-

ified electors of the county, to be approved by the judge of probate, said solicitor shall respond in the name of the county, and the county shall be contestee, and the contest may be conducted by the person giving bond. All provisions of the election law pertaining to the contest of an election of constable shall be observed as to the contest hereunder, and the same shall be tried by the probate judge."

As originally enacted (Sess. Acts 1903, p. 434, § 7), the provision was merely that "such election may be contested on the same ground and in the same manner before the probate judge as contests of election of constable are had before said probate judge."

In *Beason v. Shaw*, 148 Ala. 544, 42 South. 611, 18 L. R. A. (N. S.) 566, it was held that a stock law contest could not be maintained under the original act, because the statutes relating to the contest of a constable's election (now sections 471-477 of the Code of 1907) are inadequate and inappropriate; and it was there said, per Denson, J.: "The law with respect to contest of a constable's election is confined by its very terms to the election of persons to office, as may be seen by reference to section 1697 of the Code of 1896 [section 471, Code 1907], which, among other things, provides that the judge of probate must order a summons to issue to the party whose election is contested, accompanied with the copy of the statement, requiring such party to appear, etc. Further, the party whose election is contested must have 10 days' notice in writing of the day appointed for the trial."

The present statute was evidently framed with a view to obviating the difficulties pointed out in the opinion above quoted from, and the question now presented is whether the Code amendment of the original act accomplishes that purpose. It is certain that the statute

now makes adequate provision for parties, to that extent at least rendering the procedure provided by sections 471-488 of the Code assimilable to stock law contests. Construing those sections together with section 5887, we think an intelligible and practicable system of procedure has been provided by the Legislature for contests such as this.

Where a new statute specifies the procedure to be followed, but is not complete in itself, it may with perfect propriety refer to, and by reference adopt, the provisions of an existing system for the regulation of the new proceeding. And this does not require the specific adoption of the existing statutes suis nominibus.

It is true that section 5887 declares that "All provisions of the election law pertaining to the contest of an election for constable shall be observed as to the contest hereunder"; and, literally construed, this would require the observance of some provisions not at all adaptable to this contest. But such a literal construction would be opposed to common sense, and would indeed convert a clear legislative purpose into simple foolishness. The intent of the statute is to look to the constabular system, already provided, for all of those details of procedure necessary or appropriate to an orderly contest, which are not set forth within itself. And we think that all of these necessary provisions, which are not assimilable from the older system, are in fact supplied by the statute in question. The consensus of judicial opinion on this subject is correctly stated as follows: "A statute may adopt a part or all of another statute by a specific and descriptive reference thereto, and the effect is the same as if the statute or a part thereof adopted had been written into the adopting statute. Where, however, the adopted statute is referred to merely by words describing its general character,

only those parts of it which are of a general nature, or particularly relate to the subject of the adopting statute, will be construed as incorporated into the latter, in the absence of a clear intention to adopt the whole act."—36 Cyc. 1152v.

The statute makes the county the contestee in the proceeding, service upon it to be had by notice to the circuit or county solicitor, who must answer the petition in the name of the county.

The filing by the contestant of a bond for the payment of the costs of the contest, if unsuccessful, is of course jurisdictional, and without it the court cannot proceed with the case a single step.—*Wilson v. Duncan,* 114 Ala. 659, 669, 21 South. 1017.

The statute does not prescribe the form of the bond, and more properly it should be payable to the contestee. We think, however, that the bond here shown, payable "to the state of Alabama for the use of Walker county," is sufficient for the purpose intended. If no sufficient bond is filed within the period allowed for instituting the contest, there is in fact no contest, and the petition falls as a matter of course.

Answering one of the queries of counsel for appellee, we may here suggest that the solicitor is under no duty to do anything except to make answer for the county after the contest is properly begun, and to conduct the defense.

It is urged for appellee that, even if section 5887 provides a procedure otherwise sufficient, it has nevertheless been repealed, or rendered inappropriate, by the act approved April 5, 1911 (Sess. Acts 1911, p. 195), which amends section 470, and by necessary implication section 471, of the Code by changing the forum of contests from the probate to the circuit court, or court of like jurisdiction. Conceding the scope of the amend-

[Hutto, et al. v. Walker County.]

atory act, the proposition is not sound. "As a rule the adoption of a statute by reference is construed as an adoption of the law as it existed at the time the adopting statute was passed, and therefore is not affected by any subsequent modification or repeal of the statute adopted."—36 Cyc. 1252v, and cases cited.

The eighth ground of the motion to dismiss is that "notice of said contest has not been served upon the circuit solicitor, and there is no county solicitor for Walker county." This objection, which is purely technical, is without merit. The designation of "county solicitor" is satisfied in the person of the solicitor of the law and equity court of the county, and the service on him was proper and efficacious. Moreover, if it were conceded to be otherwise, the objection would go only to the service, and would be no ground for dismissing the proceeding.

The record shows that the incumbent probate judge, who approved the contest bond and issued the notice of contest to the solicitor and set a day for the hearing, subsequently certified to the circuit judge that he was "incompetent to try and hear said contest." One of the grounds assigned for dismissal is that "the bond was approved by J. W. Shepherd, who was incompetent to try the case, and has certified his incompetency." It may be conceded that the approval of the bond was a judicial act.—*Ex parte Thompson*, 52 Ala. 98; *McDuffie v. Cook*, 65 Ala. 430. And further that the probate judge was not competent to do any judicial act in the premises.

But it does not result from these concessions that the approval of the bond was a void act, for it is well settled by our decisions, at least so far as disqualification by reason of interest or relationship is concerned, that the act of the disqualified judge is voidable only, and

hence impeachable only by seasonable motion in the tribunal itself, or as error on appeal.—*Plowman v. Henderson,* 59 Ala. 559; *Trawick v. Trawick,* 67 Ala. 271; *Koger v. Franklin,* 79 Ala. 505; *Jeff. Pub. Co. v. Hilliard,* 105 Ala. 576, 17 South. 112.

We think the contest was improperly dismissed, and the judment of the probate court will be reversed, and a judgment here rendered overruling the motion, and remanding the cause for further proceedings.

Reversed, rendered and remanded.

DOWDELL, C. J., and MCCLELLAN and SAYRE, JJ., concur.