(79 South. 146)

STATE ex rel. PRICE v. CALLAWAY. (8 Div. 594.)

(Court of Appeals of Alabama. May 28, 1918.)

QUO WARRANTO ☞62 — APPEAL—JUDGMENT ON DEMURRER.

Appeal is not authorized from judgment of the court sustaining demurrer to complaint in quo warranto, Code 1907, § 2843, authorizing appeal only from order of the judge on preliminary consideration of the petition, and section 5470 from final judgment disposing of the case.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Proceedings by the State, on relation of P. I. Price, against W. J. Callaway. From an adverse judgment, the State appeals. Appeal dismissed.

A. A. Williams, of Florence, for appellant. R. T. Simpson, of Florence, for appellee.

BROWN, P. J. An appeal is not authorized from a judgment of the court on demurrer, in a quo warranto proceeding, in advance of a final judgment of the court disposing of the case. Section 2843, Code 1907, only authorized an appeal from the order of the judge of the court on the preliminary consideration of the petition (State ex rel. Crow v. Crook, Judge, 123 Ala. 657, 27 South. 334), while section 5470 provides for appeals from the final judgment of the court disposing of the case.

The judgment here merely sustains the demurrer to the complaint, and this court is without jurisdiction to review that order on this appeal.

A judgment will be entered, dismissing the appeal.

Appeal dismissed.

---

(79 South. 146)

COLBERT v. STATE. (8 Div. 611.)

(Court of Appeals of Alabama. May 28, 1918.)

CRIMINAL LAW ☞1182—APPEAL—AFFIRMANCE.

Appeal being upon record proper, and proceedings appearing regular in every respect, judgment will be affirmed; certificate of clerk showing that more than 90 days have elapsed since judgment of conviction and notation of appeal, and that no bill of exceptions has been presented.

Appeal from Circuit Court, Limestone County; R. C. Brickell, Judge.

William Colbert was convicted of miscegenation, and appeals. Affirmed.

F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. This appeal is on the record proper, without a bill of exceptions. The proceedings appear regular in every respect, and show a judgment of conviction, finding the defendant guilty of the offense of miscegenation, following a verdict of the jury. The record also shows a sentence imposed upon the defendant in due form, sentencing him to imprisonment in the penitentiary for a term of 3 years. The certificate of the clerk shows that more than 90 days have elapsed since the judgment of conviction and notation of appeal by defendant, and that no bill of exceptions has been presented. No error appearing in the record, the judgment is therefore affirmed.

Affirmed.

---

(79 South. 146)

PEAVEY v. STATE. (5 Div. 286.)

(Court of Appeals of Alabama. May 14, 1918.)

CRIMINAL LAW ☞1094—APPEAL—ABSENCE OF BILL OF EXCEPTIONS.

On appeal on the record proper without bill of exceptions, where there is nothing in the record authorizing a reversal, the judgment will be affirmed.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

Elmore Peavey was convicted of forgery in the second degree, and he appeals. Affirmed.

F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted of the offense of forgery in the second degree, and was sentenced to imprisonment in the penitentiary for a term of two year. This appeal is upon the record proper, without a bill of exceptions. We find nothing in the record authorizing a reversal of the judgment from which the appeal is taken. The judgment is therefore affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes