(121 So. 913)

WHITE v. CLARKE COUNTY. (1 Div. 531.)

Supreme Court of Alabama. April 18, 1929.

234

Adams & Gillmore, of Grove Hill, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for appellee.

ANDERSON, C. J. ▇ This case involves the contest of an election for the establishment of a stock law district as provided by section 10213 of the Code of 1923, and the proceedings are governed by the statute regulating the contest of an election for constables so far as applicable thereto. Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann. Cas. 1916B, 372.

▇ The statute requires the giving of a bond with two sureties, to be approved by the probate judge, and the notice of the contest be served on the circuit or county solicitor, and, as held in the Hutto Case, supra, giving a bond was a jurisdictional fact. The trial court sustained the first four grounds of the motion to dismiss the contest; the first three going to the sufficiency of the bond, and the fourth charging a failure to give notice of the contest.

▇ In the first place, the bond did not have to be under seal. Section 10 of the Code of 1923. On the other hand, if the instrument was intended or imported to be under seal, the failure to affix a seal or scroll did not prevent its having this effect. Section 6847 of the Code of 1923.

It is true, this bond is signed by the principal and sureties above the condition, when it should have been more properly signed at the bottom; but this did not render it void. Our statute, section 1 of the Code, defines signature, but does not prescribe the exact place or position at which it shall be affixed to the instrument, and it was therefore sufficient, if with the intention to constitute a signing the signature is inserted in the bond at some other place than at the foot; for instance, in the body of the bond between the penal part and the condition. 9 C. J. p. 14, and cases cited in note.

▇ We think the record shows a sufficient notice on the county solicitor and an acceptance of service by him. Moreover, the record discloses an appearance by him and the filing of a paper looking to a contest on the merits, and which said instrument had not been withdrawn when the motion to dismiss the contest was made.

The trial court erred in dismissing the contest, and the decree or judgment of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.