92 So.2d 16

**Ex parte Roger F. RICE.**

**6 Div. 56.**

Supreme Court of Alabama.

Jan. 10, 1957.

White, Bradley, Arant, All & Rose and David J. Vann, Birmingham, for respondent.

Roger F. Rice, pro se for petitioner.

MERRILL, Justice.

On December 7, 1955, petitioner sued Soundscriber Sales Corporation, et al. in trespass, trover and detinue. Defendant had notices and subpoenas duces tecum served on petitioner and one witness to take their depositions under the provisions of Act No. 375, Acts of Alabama 1955, Vol. II, page 901. Petitioner moved to strike the subpoenas on various grounds, including objections that the act was unconstitutional. The motion was overruled, but the taking of depositions was stayed pending action by this court on petitioner's application for mandamus, by which he seeks to review the respondent's order overruling his motion.

The two basic issues raised in the instant case are:

(1) Does Act 375 provide for the use of its procedures in the Circuit Court for the Tenth Judicial Circuit in a case commenced on the law side of that Court?

(2) As applied in civil cases commenced on the law side of a Circuit Court of general jurisdiction, is the Act constitutional under the sections 1, 5, 6, 7, 10, 11, 13, 35, 36, 42, 43, 44, 45, 61, 62, 63, 64, 95 and 139 of the Constitution?

Appellant contends that the act is void for uncertainty in that it "has failed to designate in which Court these depositions apply" and the "act is so wide in its scope that it could have application to the Criminal Courts."

Act 375 is principally copied from certain provisions of the Federal Rules of Civil Procedure, Rules 26, 28, 29, 30, 32, 37, 28 U.S.C.A., with some additions and deletions to make it conform to other Alabama statutes and nomenclature. The general rule of construction is that, upon the adoption of a law from another jurisdiction in which the language of the act has received a settled construction, the Legislature is presumed to have adopted it as so construed in that jurisdiction. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. The Federal Rules of Civil Procedure were designed for, and confined to, use in civil actions in Federal Courts, and, in the absence of a showing of legislative intent to the contrary, it will be presumed that Act 375 was intended for use in civil actions in our state courts.

We agree with petitioner that the act is uncertain as to all courts to which it may be applicable, but we are certain that it was intended that it should apply to a civil action at law in a circuit court having general jurisdiction, as here, and that is all that we are called upon to decide, or do decide, on that point in the instant case.

We come now to the second issue, the alleged unconstitutionality of the act under the cited sections of our Constitution.

It is our duty to uphold a law which has received the sanction of the legislature, unless we are convinced beyond a reasonable doubt of its unconstitutionality. State ex rel. Bozeman v. Hester, 260 Ala. 566, 72 So.2d 61; Yeilding v. State ex rel. Wilkinson, 232 Ala. 292, 167 So. 580; Falconer v. Robinson, 46 Ala. 340.

Sections 61, 62, 63 and 64 of the Constitution relate to legislative procedure

for enactment of statutes, and compliance with these constitutional provisions is to be presumed until the contrary is made to appear. Rogers v. Garlington, 234 Ala. 13, 173 So. 372; State ex rel. Attorney General v. Buckley, 54 Ala. 599, 613. The mere statement or allegation by petitioner that the act violated these four sections of the Constitution is not sufficient to overcome the stated presumption.

 urges that the act violates § 45 of the Constitution in that the title is not sufficiently comprehensive. In State ex rel. Bozeman v. Hester, supra [260 Ala. 566, 72 So.2d 66], we said in reference to a similar contention:

"We cannot agree. The object of the constitutional provision has been held to be three fold, first, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, and in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they shall so desire; second, truly to inform members of the legislature who are to vote upon the bill, what the subject of it is so that they may not perform that duty, deceived or ignorant of what they are doing; and third, to prevent the practice of embracing in one bill several distinct matters, none of which, perhaps could singly obtain the assent of the legislature, and then procuring its passage by a combination of the minorities in favor of each of the measures, into a majority that will adopt them all. Lindsay v. United States Savings & Loan Ass'n, 120 Ala. 156, 24 So. 171, 42 L.R.A. 783; Walker v. Griffith, 60 Ala. 361."

The title to Act 375 reads:

"An Act To provide for the taking of depositions of witnesses or parties upon oral examination for discovery of for use as evidence; to prescribe the scope of the examination, use of such depositions, effect of using such depositions; to provide a method of compelling the attendance of the person sought to be examined; and to prescribe penalties for the failure of such person to appear for such examination."

The title contains only one subject, that being included prior to the first semicolon. The remainder of the title is merely a catalogue or index of powers and duties to be found in the body of the act, all of which are germane to the main subject and purpose of the act. We have held that when the subject is expressed in general terms, as here, the Constitution is satisfied if all that follows is referable and cognate to the subject so expressed. Alabama State Bridge Corp. v. Smith, 217 Ala. 311, 116 So. 695; Ballentyne v. Wickersham, 75 Ala. 533.

The title is defective in that the fifth word preceding the semicolon should have been "or" instead of "of." This mistake is self-correcting, both by the application of common sense and by comparison with the language of the first sentence of § 1 of the Act. We have said that any apparent mistakes in the wording of a statute will be corrected, where the other provisions of the act or the legislative journals furnish means of correcting such apparent mistakes as will fairly carry out the intent of the Legislature. Henry v. McCormack Bros. Motor Car Co., 232 Ala. 196, 167 So. 256; Hooper & Nolen v. Birchfield, 115 Ala. 226, 22 So. 68; Harper v. State, 109 Ala. 28, 19 So. 857.

██ Petitioner next urges that the act violates §§ 42, 43, 44 and 139 of the Constitution in that the act is an encroachment on judicial powers. This question was decided contrary to this contention in Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, and Ex parte Leeth National Bank, 251 Ala. 498, 38 So.2d 1.

██ It is also urged that the act violates the "personal freedom" sections, 1, 5, 35

and 36. Without discussing the many interpretations and constructions of these sections, we think it suffices to say that the legislature could provide for this method of taking depositions for discovery or for use as evidence, after the commencement of a civil action on the law side of the circuit court, without violating any inalienable or other right of the individual, and without impinging upon the rule against class and unequal legislation. See Sheppard v. Dowling, 127 Ala. 1, 11–12, 28 So. 791, 795; Tranum v. Stringer, 216 Ala. 522, 113 So. 541.

■ The next grouping of sections of the Constitution which it is claimed are violated by the act are §§ 6, 7, 10, 11, 13 and 95. Sections 6 and 7, by their provisions, refer to criminal or quasi-criminal proceedings and need not here be discussed. Sections 10, 11 and 95 clearly cover areas other than the question before us. There remains only § 13, the "due process" section of our Constitution.

We have held that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. Frahn v. Greyling Realization Corp., 239 Ala. 580; 195 So. 758; Garrett v. Reid, 244 Ala. 254, 13 So.2d 97. Sections 7 and 15 of the act provide for reasonable written notice. Section 3 provides for cross-examination by opposing counsel. Section 4 provides that the admissible part of the deposition or evidence can only be used against any party who was present, or represented at, or had due notice of, the taking of the deposition. Sections 5 and 17 provide for a full hearing before a court on all objections to questions asked. Sections 9, 10, 12, 13 and 15 provide safeguards to parties and witnesses, including protection from "annoyance, embarrassment, or oppression." We think every element of due process is present, and adequately provided for, in the act.

The Supreme Court of the United States, in discussing the Federal Rules of Civil Procedure in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451, said:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise. But discovery, like all matters of procedure, has ultimate and necessary boundaries. As indicated by Rules 30(b) and (d) and 31(d), limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry. And as Rule 26(b) provides, further limitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege."

Once again, we stress the fact that we have decided only the questions presented to us. The act apparently was hastily drawn and the draftsmanship was not careful or studied. Another illustration than the self-correcting error previously referred to, is the reference in § 10 to "Subdivision (h)." This evidently meant to refer to § 9 of the act, and is evidently a reference to Rule 30, subsection (b), because the language appears to be copied from Rule 30, subsection (b) of the Federal Rules of Civil Procedure. We have included this paragraph in the hope that the Legislature may see fit to define clear-

ly what courts are included within the act and rid the act of errors due to crude draftsmanship.

We would also be understood as not passing upon the specific items listed in the subpoenas duces tecum. Petitioner has an adequate recourse within the act if he deems the requests for documents to be too broad or comprehensive.

The judgment of the lower court was without error and the petition for writ of mandamus is denied.

Writ denied.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.