96 So.2d 296

**Ex parte James Herbert DENTON.**

**6 Div. 160.**

Supreme Court of Alabama.

June 20, 1957.

---

Roger F. Rice and Frank L. Parsons, Birmingham, for petitioner.

John Patterson, Atty. Gen., Bernard F. Sykes and Geo. Young, Asst. Attys. Gen., for respondent.

## GOODWYN, Justice.

James Herbert Denton filed in this court on April 22, 1957, an original petition for mandamus to be directed to the Honorable Wallace Gibson, Judge of the Circuit Court of Jefferson County. It appears that petitioner is under indictment in Jefferson County for the offense of robbery. On April 12 he was arraigned and entered a plea of not guilty and his case was set for trial on April 22. On April 18 the attorneys for petitioner notified the solicitor that they would take the depositions of certain named witnesses on April 19, under the provisions of Act No. 375, appvd. Sept. 8, 1955, Acts 1955, p. 901, Code 1940, Tit. 7, § 474(1) et seq., Cumulative Pocket Part. On April 19 the solicitor moved that the subpœnas be quashed on the ground that Subpœnas were served on the witnesses. Act No. 375 does not apply to criminal cases. This motion was granted. It was then that petitioner instituted this proceeding seeking a writ requiring the respondent-judge to vacate the order granting said motion.

There is only one question presented and that is whether Act No. 375 is applicable to criminal cases. We issued the rule nisi in order to settle the question and thus avoid any continuing doubt as to the Act's applicability. The respondent-judge made answer to the rule, taking the position that the Act is applicable only to civil cases.

The question, as we see it, is purely one of legislative intent. In other words, did the legislature in enacting Act No. 375, intend that its provisions be applicable to criminal cases? In Ex parte Rice, 265 Ala. 454, 92 So.2d 16, 17, this court said:

> "Act 375 is principally copied from certain provisions of the Federal Rules of Civil Procedure, Rules 26, 28, 29, 30, 32, 37, 28 U.S.C.A., with some additions and deletions to make it conform to other Alabama statutes and nomenclature. The general rule of construction is that, upon the adoption of a law from another jurisdiction in which the language of the act has received a settled construction, the Legislature is presumed to have adopted it as so construed in that jurisdiction. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. The Federal Rules of Civil Procedure were designed for, and confined to, use in civil actions in Federal Courts, and, in the absence of a showing of legislative intent to the contrary, it will be presumed that Act 375 was intended for use in civil actions in our state courts."

We find nothing indicating that Act No. 375 was intended to apply to criminal cases. Accordingly, we hold that it is not applicable to such cases.

Peremptory writ is due to be denied. So ordered.

Writ denied.

All the Justices concur.