96 So.2d 308

**Ex parte Elbert C. BURNS.**

**8 Div. 891.**

Supreme Court of Alabama.

June 20, 1957.

Mitchell & Poellnitz and W. A. Barnett, Florence, for petitioner.

Bradshaw, Barnett & Haltom and E. B. Haltom, Jr., Florence, for respondent.

GOODWYN, Justice.

This is an original mandamus proceeding brought by Elbert C. Burns to compel the respondent-judge to vacate certain orders which have the effect of making the provisions of Act No. 375, appvd. Sept. 8, 1955, Acts 1955, p. 901, Code 1940, Tit. 7, § 474 (1) et seq., Cumulative Pocket Part, applicable to a suit in equity pending in the circuit court of Lauderdale County, in equity. We granted the rule nisi and the respondent-judge has made answer thereto. Submission was had on the petition for mandamus and the respondent's answer thereto.

The only question presented is whether Act No. 375 has application to equity cases. We have held that it applies to civil cases at law (Ex parte Rice, 265 Ala. 454, 92 So.2d 16, 17) but not to criminal cases (Ex parte Denton, post, p. 279, 96 So.2d 296).

In Ex parte Rice the decision was expressly limited to a holding that the Act applies to civil cases at law in the circuit court, there being no question presented as to its applicability to civil cases in equity. It was there said:

"Act 375 is principally copied from certain provisions of the Federal Rules of Civil Procedure, Rules 26, 28, 29, 30, 32, 37, 28 U.S.C.A., with some additions and deletions to make it conform to other Alabama statutes and nomenclature. The general rule of construction is that, upon the adoption of a law from another jurisdiction in which the language of the act has received a settled construction, the Legislature is presumed to have adopted it as so construed in that jurisdiction. Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377; Wooten v. Roden, 260 Ala. 606, 71 So.2d 802. The Federal Rules of Civil Procedure were designed for, and confined to, use in civil actions in Federal Courts, and, in the absence of a showing of legislative intent to the contrary, it will be presumed that Act 375 was intended for use in civil actions in our state courts."

Since Act No. 375, as recognized in Ex parte Rice, is "principally copied from certain provisions of the Federal Rules of Civil Procedure", there is presented for consideration, in determining the application of the provisions of said Act, the rule of statutory construction that upon the adoption of a law from another jurisdiction in which the language of the law has received a settled construction, the legislature of the adopting state is presumed to have adopted the law as so construed in the other jurisdiction. Ex parte Rice, supra, and cases there cited. If this were the only rule of statutory construction to be considered, there would be little difficulty in deciding the question; for there can be no doubt that the Federal Rules apply to both

law and equity cases, the rules themselves (Rules 1 and 2) having abolished the distinction between legal and equitable forms of action. However, the stated rule is one in aid of construction and is not to be taken as arbitrarily controlling when there are other indicia showing a legislative intent differing from the settled construction in the jurisdiction from which the law has been adopted. Sloss-Sheffield Steel & Iron Co. v. Willingham, 243 Ala. 352, 10 So.2d 19. In other words, rules of statutory construction are to be applied in aid of ascertaining the legislative intent. In the instant case there are other considerations to be taken into account in resolving the question, What did the legislature intend in adopting this portion of the Federal Rules of Civil Procedure?

Pursuant to legislative authority (Code 1940, Tit. 7, §§ 289, 290) this court has adopted equity rules (Code 1940, Tit. 7, Appendix, as amended). Equity Rule 39 provides for the examination of parties by each other by the propounding of interrogatories. Equity Rule 40 provides as follows:

> "Testimony taken normally on interrogatories filed after cause is at issue; witnesses. Except as provided in Rule 39, or otherwise authorized by these Rules [see Equity Rule 48], *testimony cannot be taken by either party until the cause is at issue by sufficient answer, or decree pro confesso, as to all the defendants.* And except as provided in Rules 55 and 56, testimony in equity cases must be taken by interrogatories filed in the register's office.

> "The rules of evidence as to the competency of witnesses in equity cases are the same as in courts of law." (Emphasis supplied.)

Petitioner insists that Act No. 375, in providing for the taking of depositions before a cause is at issue, is in direct conflict with Equity Rule 40, which has been held to have the force and effect of a statute

(Ex parte Leeth Nat. Bank, 251 Ala. 498, 38 So.2d 1; Ex parte Foshee, 246 Ala. 604, 21 So.2d 827; Stuckey v. Murphy, 224 Ala. 8, 138 So. 289); and that to hold said Act to be applicable to equity cases would have the effect of repealing Equity Rule 40 by implication, which is not favored (State v. Bay Towing & Dredging Co., 265 Ala. 282, 90 So.2d 743; City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159). While it is to be noted that Equity Rule 40 deals exclusively with the taking of "testimony" for use as evidence, and Act No. 375 deals with the taking of testimony "for the purpose of discovery, or for use as evidence in the action or for both purposes", it seems clear that Act No. 375, to the extent that it provides for the taking of testimony for use as evidence in the action before the cause is at issue, is directly in conflict with Equity Rule 40.

If Equity Rule 40 and Act No. 375 could be reasonably reconciled so that both could apply in equity cases there might be basis for holding that said Act was intended to apply to such cases, particularly in view of § 18 of the Act which provides as follows:

> "The provisions of this act are in addition to any other provisions relating to the taking of depositions or discovery depositions of witnesses or parties and the provisions of this act are cumulative."

However, we do not see how Rule 40 and the Act can be reconciled in the respect indicated; and we are constrained to hold that it was not intended by the enactment of Act No. 375 to repeal Equity Rule 40 and thus abolish established procedure in equity.

It should be noted also that the wording of Act No. 375 indicates an intention to limit its application to civil actions at law. In § 3 it is provided that "examination and cross-examination of deponents may proceed as permitted *in civil actions at law.*" Federal Rule 26(c), from which § 3 is taken, provides as follows:

"Examination and cross-examination of deponents may proceed as permitted at the trial under the provisions of Rule 43(b)."

Rule 43(b) provides as follows:

"(b) Scope of Examination and Cross-Examination. A party may interrogate any unwilling or hostile witness by leading questions. A party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross-examined by the adverse party only upon the subject matter of his examination in chief."

Section 4 of the Act is taken from Federal Rule 26(d). Subsection (c) of § 4 is taken from subsection (d)(3) of Rule 26. A comparison of the two provisions clearly shows that § 4(c) broadens the use of depositions by including therein all of the occasions for use set out in § 457, Tit. 7, Code 1940, which prescribes when depositions may be taken *in civil cases at law*.

It is to be noted, too, that § 4(c), in providing for the use of depositions of witnesses, lists the "clerk of any court of record" and the "register in chancery" as appropriate witnesses. A distinction is thus recognized between the "clerk" of the circuit court at law and the "register" of the circuit court in equity. However, the only other reference in the Act to these officials is in § 14 where it is provided that the officer taking the deposition "shall properly file it with the court in which the action is pending or send it by registered mail to the *clerk* thereof for filing." It is the "register" with whom equity proceedings are filed.

In § 17 provision is made for entering a "judgment by default." A comparable judgment in equity is a "decree pro confesso." Also in § 17 reference is made to a party "plaintiff" and party "defendant". Usually, parties in equitable proceedings are referred to as "complainant" and "respondent", although this is not always the case. We do not find any phraseology in the Act indicating that its provisions are intended to apply in equity cases. On the contrary the words used are those which normally have reference to actions at law and law courts.

We acknowledge our difficulty in arriving at a decision in this case. However, after due consideration of all indicia bearing on the legislative intent we are at the conclusion that Act No. 375 was not intended to apply in equity cases.

Peremptory writ of mandamus is due to be awarded.

Writ awarded.

All the Justices concur except LAWSON, J., who dissents.

