103 So.2d 720

**Ex parte Walter J. HANNA.**

**6 Div. 237.**

Supreme Court of Alabama.

June 12, 1958.

Jas. M. Fullan, Jr., Birmingham, for petitioner.

**528**

Hogan & Callaway and Robt. S. Vance, Birmingham, for respondent.

MERRILL, Justice.

This is a petition for mandamus to respondent directing that he show cause why he should not vacate the decree of the circuit court which overruled petitioner's motion to stay the taking of petitioner's deposition in the cause of Rainey v. Turner, Hawkins and Hanna, a suit in equity for an accounting and settlement of an alleged partnership.

The deposition is sought under the provisions of Act No. 503, Acts of Alabama 1957, p. 690. This act purports to make Act No. 375, Acts of Alabama 1955, p. 901, applicable to cases in equity in all counties having a population of more than 500,000.

In Ex parte Rice, 265 Ala. 454, 92 So.2d 16, we held that Act No. 375 applied to cases on the law side in circuit court. In Ex parte Burns, 266 Ala. 241, 96 So.2d 308, we held that Act No. 375 does not apply to cases in equity. The obvious purpose of Act No. 503 was to have Act No. 375 apply in equity cases in Jefferson County.

Petitioner argues that Act No. 503 violates Section 45 of the Constitution which provides, in pertinent part, "and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length." Act No. 503 adopts certain provisions of Act No. 375 by reference and does not re-enact and publish them at length.

Petitioner argues that Act No. 503 revives Act No. 375 from the partial disability placed upon it by Ex parte Burns, 266 Ala. 241, 96 So.2d 308, and that it amends and extends Act No. 375 to include cases in equity in Jefferson County.

We said In re Opinion of the Justices, 262 Ala. 345, 81 So.2d 277, 281, in response

to a question whether an act was unconstitutional under the same part of Section 45 of the Constitution as is involved here:

"* * * We have held that the quoted proviso does not apply to acts which are independent and complete within themselves, although they adopt by reference merely the provisions of other laws on the same subject. Newton v. City of Tuscaloosa, 251 Ala. 209, 36 So.2d 487, and cases cited. A new law may specify the procedure to be followed by adopting by reference the regulations of an existing statute. Hutto v. Walker County, 185 Ala. 505, 64 So. 313. Our answer to Question 3 is, No."

And in the cited case of Newton v. City of Tuscaloosa, supra, in discussing the same provision of Section 45 of the Constitution, it was said [251 Ala. 209, 36 So.2d 495]:

"In numerous decisions it has been declared that the effect of this constitutional proviso is that, if the act is original in form, in itself complete and intelligible, a reference therein to an existing law for its formal execution and not varying its terms, does not contravene the mandate of this clause. State ex rel. Terry v. Lanier, 197 Ala. 1, 3, 72 So. 320, and cases cited.

"Though the complete execution of the act may not be particularized therein and an existing system for the regulation thereof is incorporated in the act by reference, this does not offend the Constitution. The new statute may specify the procedure to be followed by adopting by reference the regulations of an existing statute. Hutto v. Walker County, 185 Ala. 505, 64 So. 313, Ann.Cas.1916B, 372. 'That provision [of the Constitution] has been repeatedly held to apply to statutes strictly amendatory, and not to such as are independent and complete within themselves, although they adopt by reference merely, the provisions of other statutes on the same subject, there appearing in more enlarged and extended form. Such independent legislation does not fall within the mischief designed to be remedied or prohibited by this provision of the constitution.' City Council of Montgomery v. Birdsong, 126 Ala. 632, 647, 28 So. 522, 525."

We are constrained to hold that Act No. 503 is "original in form, in itself complete and intelligible" and is not "strictly amendatory" and, therefore, does not contravene the mandate of this clause of Section 45 of the Constitution. Authorities supra.

Petitioner also contends that Act. No. 375 and Act No. 503 are unconstitutional as being in violation of the equal protection guaranty of the Fourteenth Amendment to the Constitution of the United States. Respondent contends that the question is improperly raised. Conceding, without deciding, that the question is properly before us, we are convinced that the argument of appellant is without merit and requires no further discussion.

We limit this decision to our holding that Act No. 503 does not contravene the quoted part of Section 45 of the Constitution of Alabama or the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. These are the only questions argued on appeal and the rule is that this court will never search for constitutional infirmities in statutes, but will only consider those questions raised and insisted upon. Faircloth-Segrest Mercantile Co. v. Roach, 211 Ala. 498, 100 So. 908; State ex rel. Brandon v. Prince, 199 Ala. 444, 74 So. 939; Alabama Warehousing Co. v. State, 227 Ala. 258, 149 So. 843.

The petition for mandamus must be denied.

Writ denied.

All the Justices concur.