150 So.2d 195

**Paul CARRUBA**

**v.**

**J. Paul MEEKS, as Probate Judge.**

**6 Div. 870.**

Supreme Court of Alabama.

Feb. 7, 1963.

Rehearing Denied May 9, 1963.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

Pritchard, McCall & Jones, Birmingham, for appellee.

LAWSON, Justice.

Sam Carruba died testate in Jefferson County. His son, Paul Carruba, filed a petition in the Probate Court of Jefferson County to probate the will of Sam Carruba. and two codicils thereto. The widow of the deceased and two of his daughters filed a. contest of the two codicils. A hearing was set on the petition to probate and the contest. Before the date set for the hearing,. the contestants filed in the Probate Court a. notice of the taking of discovery depositions. of Paul Carruba and one Annie Mae Richardson, a witness to the execution of one of the codicils, under the provisions of Act 375, approved September 8, 1955, Acts of. Alabama, 1955, Vol. 2, p. 901.

Paul Carruba filed objection to the taking of the depositions on the ground that Act 375, supra, does not apply to will contests in the Probate Court of Jefferson County. The objection was overruled. Thereafter Paul Carruba filed in the Circuit Court of Jefferson County a petition for the issuance of a writ of mandamus to the Probate Judge commanding him to vacate his order requiring the attendance of Paul Carruba and Annie Mae Richardson for the taking of depositions and to quash the subpoenas.

Judge Bowron, to whom the petition for mandamus was presented, entered an order setting a hearing on the petition and suspending the taking of the depositions until the matter was disposed of in the circuit. court.

Following a hearing, Judge Bowron entered an order denying the prayer of the petition for the issuance of the alternative writ of mandamus. The previous order suspending the taking of depositions was vacated. Paul Carruba appealed to this court. Judge Bowron refused to approve a. supersedeas bond or to restrain the taking of the depositions pending the appeal.

716

However, this court, on the application of Paul Carruba, the appellant, ordered the contestants and their attorneys not to proceed with the taking of the depositions pending further orders of this court.

The appellant, Paul Carruba, being uncertain as to whether appeal was the proper mode of securing a review of Judge Bowron's order refusing the issuance of the alternative writ of mandamus, has presented this case here by appeal and in the alternative by petition for mandamus.

■ Judge Bowron having jurisdiction to order the issuance of an alternative writ of mandamus, his order refusing the issuance of such a writ is appealable. Section 761, Title 7, Code 1940; Ex parte Register, 257 Ala. 408, 60 So.2d 41, and cases cited; State ex rel. Price v. Callaway, 16 Ala.App. 472, 79 So. 146.

The question for decision is whether the provisions of Act 375, supra, apply to a will contest proceeding in the Probate Court of Jefferson County.

We have held that Act 375, supra, applies in civil cases at law in the circuit courts of this state (Ex parte Rice, 265 Ala. 454, 92 So.2d 16), but not to causes on the equity side of the circuit court (Ex parte Burns, 266 Ala. 241, 96 So.2d 308), except in counties having a population of 500,000 or more (Ex parte Hanna, 267 Ala. 527, 103 So.2d 720), or to criminal cases (Ex parte Denton, 266 Ala. 279, 96 So.2d 296). Act 375, supra, has been made applicable to equity cases in counties having a population of not less than 100,000 nor more than 300,000. Act 133, approved September 15, 1961, Acts of Alabama 1961, Vol. II, p. 2057.

In Ex parte Rice, supra, we observed that Act 375, supra, is uncertain as to the courts to which it may be applicable and we expressed the hope that the legislature would see fit to define clearly the courts in which the act is to operate. No such legislation has been enacted in so far as we are advised.

There is no language in Act 375 which expressly includes or excludes probate courts. Act 503, approved September 10, 1957, Acts of Alabama 1957, Vol. 1, p. 690, considered in Ex parte Hanna, supra, operates to make the provisions of Act 375, supra, applicable in counties having a population of 500,000 or more. Jefferson County has a population in excess of that figure and the probate courts in counties having a population of 400,000 or more have been given general equity jurisdiction consistent with that of the circuit courts, in equity, in the administration of the estates of deceased persons, minors and insane persons, including testamentary trust estates. But a proceeding to probate a will in the probate court, as provided for in §§ 52–63, Title 61, Code 1940, as amended, is not an equitable proceeding or a subject of equity jurisdiction in that court. Under the provisions of § 64, Title 61, a will contest filed in the probate court may be transferred to the law side of the circuit court, not the equity side. It is within six months after a will has been admitted to probate that a will contest may be filed in the circuit court in equity. Section 64, Title 61, Code 1940.

Section 57, Title 61, Code 1940, was in existence at the time Act 375 was adopted. That section reads:

"For the trial of such contest [in the probate court], depositions of witnesses may be taken in like cases, for the same causes, and in the same manner, as depositions are taken in civil actions in the circuit court; and in all matters relating to the organization and impaneling of the jury, to the evidence, mode of proceeding, and investigation and determination of such contest, not specially provided for by this article, the court must proceed and be governed by the same rules and regulations, so far as applicable, as prevail in courts of law in civil cases."

■ Where a new statute specifies the procedure to be followed but is not complete in itself, it may with perfect propriety refer

to and by reference adopt the provisions of an existing system for the regulation of the new proceeding. This does not require the specific adoption of the existing statute by name. Hutto et al. v. Walker County, 185 Ala. 505, 64 So. 313.

Appellant does not question that principle but asserts that § 57, Title 61, supra, does not operate to make the provisions of Act 375, supra, applicable to will contests in probate courts in that said § 57, Title 61, is of that class of statutes generally referred to as "reference statutes" which only incorporate the adopted statutes in existence at the time of the enactment of the adopting statute and do not prospectively include subsequent modifications or additions to the general subject adopted.

The principle referred to above applies where the adopting statute incorporates an earlier statute or a particular provision thereof by a specific and descriptive reference thereto. Phoenix Assur. Co. of London v. Fire Department of City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L.R.A. 468; Noble v. Noble, 164 Or. 538, 103 P.2d 293; Wagner et al. v. Retirement Board of Policemen's Annuity & Benefit Fund, 370 Ill. 73, 17 N.E.2d 972; Western Casualty & Surety Co. v. Young (Tex.Civ.App.), 339 S.W.2d 277.

▪ However, when a statute refers generally to the law relating to or governing the subject under consideration, the adoption by reference will be regarded as including not only the law in force at the time the adopting act became effective, but also later legislation on the subject, the law in force when the action or proceeding in question is taken. In re Heiman's Will, 35 N.M. 522, 2 P.2d 982; Union Cemetery v. City of Milwaukee, 13 Wis.2d 64, 108 N.W. 2d 180; Byrd v. Short, 228 Ark. 369, 307 S.W.2d 871; Kloss v. Suburban Cook County Tuberculosis Sanitarium Dist., 404 Ill. 87, 88 N.E.2d 89.

These rules of construction are discussed in 2 Sutherland, Statutory Construction (3d Ed.), p. 548, § 5208; 50 Am.Jur., Statutes, p. 58, § 39; 168 A.L.R. 627 et seq.

Section 57, Title 61, supra, the adopting statute, does not incorporate any earlier statutes by specific or descriptive reference. It refers, among other things, to the law generally which governed the taking of depositions in civil cases in the circuit court.

▪ We hold, therefore, that the section is to be construed as making applicable the provisions of Act 375, supra, which were in force at the time this cause was tried.

Our holding here is not in conflict with our holdings in Savage v. Wallace, 165 Ala. 572, 51 So. 605; Hutto et al. v. Walker County, supra; or in State ex rel. Austin v. Black, 224 Ala. 200, 139 So. 431. In none of those cases was the question presented as to whether a statute which adopted generally the existing law on a subject could operate to incorporate subsequent enactments on the same general subject. In the Phoenix Assur. Co. case, supra, the adopting statute made specific reference to a specific and certain act.

The judgment of the trial court is affirmed.

Affirmed.

GOODWYN, COLEMAN and HARWOOD, JJ., concur.