Shelby County deputies mandamused the County Commission to authorize the treasurer to increase their salaries to correspond with those of state troopers. The Circuit court granted the deputies' petition. The *Page 1094 
Commission appealed and the deputies filed a cross-appeal seeking attorneys' fees. We affirm mandamus, but deny the cross-appeal.
The numbers and salaries of employees of the Shelby County Sheriff's office are controlled by several local acts passed in 1971, 1973, and 1976,[1] stating that salaries of specific sheriff's employees "shall be comparable to" the salaries of specific employees in the State Highway Patrol [see appendix]. The 1973 and 1976 acts were amendments which increased the number of employees while retaining the salary scheme. In 1977, the legislature increased the salaries of state troopers by $115 bi-weekly. Acts 1977, No. 417, p. 559 [see appendix]. The deputies, whose salaries are tied to those of state troopers, sought a similar increase but instead received only a $30 bi-weekly raise from the Commission. They then sought mandamus in the circuit court for the additional $85.
The first question presented for our consideration is whether or not the local acts, as amended, automatically carry with them subsequent modifications to the law governing state trooper salaries. This question requires an analysis of legislative intent which, unfortunately, is not readily evident from these acts. Consequently, our decision must turn on the differences between "specific reference statutes" and "general reference statutes," a problem considered in Carruba v. Meeks,274 Ala. 714, 150 So.2d 195 (1963). There it was noted that a specific reference statute is one "where the adopting statute incorporates an earlier statute or a particular provision thereof by a specific and descriptive reference thereto," e.g.
by employing a statutory citation or the specific title to an act. A general reference statute is one which "refers generally to the law relating to or governing the subject under consideration." Specific reference statutes "only incorporate the adopted statutes in existence at the time of the enactment of the adopting statute and do not prospectively include subsequent modifications or additions to the general subject adopted." General reference statutes, on the other hand, "[include] not only the law in force at the time the adopting act became effective, but also later legislation on the subject." 274 Ala. at 717, 150 So.2d at 198. The Alabama approach to this question is in accord with that taken in the majority of the states. See 82 C.J.S. Statutes § 370 (1953); 73 Am.Jur.2d Statutes §§ 28, 29 (1974); Annot. 168 A.L.R. 627 (1947); 2A Sutherland, Statutory Construction, § 51.07 (4th ed. 1973). Some jurisdictions have in the past qualified the rule governing general reference statutes by holding that when alocal or special act adopts by reference the provisions of a general law it does not carry with it later modifications to the general law. See e.g. In re Heath, 144 U.S. 92,12 S.Ct. 615, 36 L.Ed. 358 (1892); 73 Am.Jur.2d Statutes § 29 (1974); Annot. 168 A.L.R. 627, 635 (1947). This rule, however, leads only to confusion by requiring analysis of the general law at some point in the past. See Casteel v. City of Decatur,215 Ala. 4, 109 So. 571 (1926). Furthermore, it often produces an illogical lack of uniformity, as exemplified by the Heath case. This limitation has never been acknowledged in this jurisdiction and we see no reason to do so now. Thus, in this state an act, whether general, local, or special, which adopts the law generally on a subject will include subsequent modifications to the general law, unless there is a clear expression of a contrary legislative intent.
It is quite obvious from a reading of the 1971, 1973, and 1976 local acts that they are all general reference statutes. Nowhere do they make reference to any particular statute setting trooper salaries. Instead they merely state that compensation for deputies "[shall] be comparable to State Troopers in Alabama State Highway Patrol." Nowhere is any language used which locks the deputies' compensation to that of *Page 1095 
troopers at the time the local acts were passed. If such had been the legislative intent the drafters could have easily indicated by employing a qualifying phrase, like "as now provided" or similar words. It seems apparent to us, however, that the original drafters of these local acts intended to keep the salaries of employees of the sheriff's office competitive with those of the highway patrol, probably in order to prevent the loss of trained personnel to higher paying jobs. The effect of these local acts is that each time the legislature raises the compensation of the state troopers, that of the Shelby County deputies is increased automatically.
Our having come to this conclusion, the County Commission raises several other challenges to the acts. First the Commission contends that the 1977 act which increased the compensation of state troopers [see appendix] was not intended to increase the salaries in Shelby County. This interpretation is directly refuted by § 6 of the act itself which states:
 "It is specifically provided, however, that this act shall not affect the compensation of any officer or employee of Coosa County or of Tuscaloosa County even though the compensation of such officers was heretofore prescribed by a law, which based such compensation on or in some way related it to the compensation of one or more of the positions in the above listed classifications."
Obviously, the legislature was aware that a pay raise for state troopers would affect the salaries of various county employees. If the legislature had wanted to exclude Shelby County employees from the operation of this statute it would have affirmatively said so, just as it did for Coosa County and Tuscaloosa County. Nor do we agree with the Commission's contention that Act 417 is an unlawful delegation of legislative authority to the State Personnel Department. The statute does not grant the Personnel Department any discretion in raising salaries. On the contrary, the legislature itself directed a $115 bi-weekly increase which the Personnel Department is merely ordered to implement. Such a directive is entirely within the legislative power.
The Commission also asserts that the legislative scheme violates §§ 45 and 106 of the Alabama Constitution. Section 45 requires that an act contain only one subject, clearly expressed in the title. As we have recently noted, "The title need not be an index or catalog of every power bestowed in the act, nor of every effect of the act." Lane v. Gurley Oil Co.,341 So.2d 712, 715 (Ala. 1977). Act 417 contains only one subject, salary increases for employees of the Department of Public Safety, and that subject is clearly revealed in its title. Section 45 does not require the title of an act to list every piece of general reference legislation which will be affected by a statute.
Similarly, there is no conflict with § 106 requiring local publication of special, private, or local laws. The notice requirement was fulfilled by publication of the local acts in accordance with § 106. When these local acts were published at the time of their passage, residents of the county were put on notice that the salaries of the sheriff's deputies would be tied to those of state troopers. The county was under no obligation to employ this legislative scheme to set salaries in the sheriff's department, but having chosen to do so, it cannot claim ignorance of the effect of the laws simply because they now seem burdensome. If the county is no longer satisfied with the results of these local acts, its alternative is to have the local acts repealed and introduce new legislation. Nor are we persuaded by the Commission's argument that the legislature has improperly amended a local act by a general act, thereby defeating the purpose of § 106. General reference legislation is in no way amendatory, as this Court explained in State v.Burchfield, 218 Ala. 8, 117 So. 483 (1928), so the Commission's argument is inapposite.
The Commission's remaining arguments deal with the propriety of mandamus. The Commission's argument is two-fold: (1) the phrase "comparable to" is too indefinite to support mandamus; and (2) the county has no funds to comply with the mandamus. *Page 1096 
The contention that the phrase "comparable to" is too indefinite to support mandamus is not well taken. The word "comparable" is defined by Webster's Third New International Dictionary (unabridged 1971) as meaning "suitable for matching, coordinating or contrasting: equivalent, similar." [Emphasis added.] Inserting this definition into the local acts reveals that the deputies' compensation "shall be equivalent or similar to State Troopers in Alabama State Highway Patrol." An $85 discrepancy is not "similar to," and it is certainly not "equivalent." If the deputies were quibbling over two or three dollars we might be inclined to say that mandamus would not lie as the directive of the local acts had been complied with. But that is not the case presented. Here the local acts are sufficiently explicit to support mandamus. The deputies are entitled to an increase equal to that given the state troopers.
The Commission's final defense, that the county has no funds to comply with the mandamus, relies primarily on the Budget Control Act, § 11-8-1, et seq., Code 1975. Section 11-8-3 of that act provides:
 "It shall be the duty of the county commission, at some meeting in September of each calendar year or not later than its first meeting in October following, to prepare and adopt an estimate of the income of the county for the fiscal year beginning on October 1 of the current calendar year for all public funds under its supervision and control, and to estimate for the same fiscal year the expense of operations and to appropriate for the various purposes the respective amounts that are to be used for each of such purposes; provided, that the appropriations so made shall not exceed the estimated total income of the county available for appropriations.
 "In order that such estimate of income and operating expenses may be as nearly correct as possible the county commission shall call upon any public official who handles any incoming moneys, or who issues any kind of order payable out of the county treasury without approval of such county commission to furnish them in writing an estimate of such income and of the probable amount of orders he will be called upon to issue during such fiscal year and it shall be the duty of such official to furnish such estimates without delay."
The Commission cannot, however, use this statute as a shield to ward off its legal responsibilities. The county budget was adopted in October, 1977. At that time the Commission had notice that the deputies were asserting a claim to a pay raise that was to become effective October 1, 1977. Furthermore, the county had previously acknowledged the validity of the deputies' position by complying with an attorney general's opinion of December 17, 1973, which stated that the local general reference statutes entitled certain Shelby County employees to a $5 per day subsistence allowance granted to certain state law enforcement officers (including state troopers). If the Commission, in drawing up the county budget, chose to ignore these statutes and their operation as previously construed, of which the Commission clearly had notice, the Commission did so at its peril, and cannot now rely on the Budget Control Act to escape its clear liabilities. To so hold would allow county commissions to avoid legally valid claims by simply omitting them from the budget.
Nor are we persuaded by the contention contained in an affidavit of the Clerk of the County Commission that there are no funds to pay the raises. The deputies controverted this by pointing out items on the budget for non-essential services which are lower priority claims when compared to the deputies' salaries. See § 11-12-15, Code 1975. We must, therefore, agree with the trial court that the defense of lack of funds was not made out.
By way of cross-appeal the deputies seek an award of attorneys' fees. In this state attorneys' fees are recoverable "only where authorized by statute, when provided in a contract or in an equitable proceeding where the efforts of an attorney *Page 1097 
creates a fund out of which fees may be paid." State ex rel.Payne v. Empire Life Ins. Co., 351 So.2d 538 (Ala. 1977);Parker v. Jefferson County Com'n, 347 So.2d 1321 (Ala. 1977). The deputies do not attempt to come within one of these exceptions. Instead they direct our attention to an interesting recent decision by the California Supreme Court, Serrano v.Priest, 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303 (1977), in which that Court authorized the awarding of attorneys' fees on a "private attorney general" theory. We, however, are not inclined to make such a drastic change in Alabama law and overrule such a clear line of precedent without legislative authorization. Accord Alyeska Pipeline Co. v. WildernessSociety, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Consequently, we deny relief on the deputies' cross appeal and affirm the judgment of the trial court in all respects.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, MADDOX, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
SHORES, J., dissents.
[1] The local acts are as follows: 1971: Acts 1971, No. 37, p. 4170; 1973: Acts 1973, No. 870, p. 1374; 1976: Acts 1976, No. 735, p. 1015. The 1976 act is set out in the appendix as an example of the legislative scheme.
 APPENDIX
Act No. 735
 AN ACT
To amend Section I of Act No. 37, H. 66 Organizational, Special and Regular Sessions 1971 (Acts 1971, p. 4170) as amended which applies in Shelby County, designating the number of employees authorized by the sheriff's department, compensation of such employees, and sheriff and residence requirements of such employees, and to repeal conflicting laws.
Be It Enacted by the Legislature of Alabama:
Section 1. Section 1 of Act No. 37, H. 66, Organizational Special and Regular Session 1971 (Acts 1971, p. 4170, as amended, be and the same is hereby deleted and there is substituted in lieu thereof, the following:
"Section 1. (a) In lieu of any and all chief deputy sheriff, deputies sheriff, jailers or matrons heretofore authorized by law, the sheriff is hereby authorized to appoint not less than the following number of employees whose compensation shall be paid from the county treasury each month in the amounts listed below,
 Number of Employees Authorized Rank Compensation
 1 Chief Deputy Shall be comparable to a Captain in Alabama State Highway Patrol
 1 Lieutenant Shall be comparable to a Lieutenant in Alabama State Highway Patrol
 12 Deputies Shall be comparable to State Trooper in Alabama State Highway Patrol
 4 Matrons Shall be comparable to a Clerk Stenographer III in the Alabama Department of Public Safety
 3 Jailers Shall be comparable to State Troopers in Alabama State Highway Patrol
 1 Chief Shall be comparable to and not less Investigator than Alabama Highway Patrol Investigator Sergeant, and not more than Alabama State Highway Patrol Investigator Captain; between said limitations, the sheriff shall fix said employee's salary. *Page 1098 
 3 Sergeants Shall be comparable to a Sergeant in State Trooper in Alabama State Highway Patrol
 4 Patrolmen Shall be comparable to State Trooper in Alabama State Highway Patrol
The primary duties of these patrolmen shall be to patrol 1 each in three of the commissioner's districts and 1 in District 3.
Any of the above officer's salaries and other remuneration or benefits to said officers may be funded under the Law Enforcement Assistance Act so long as such funds are available, and when not available, said officers shall be paid out of the General Fund of Sheilby County or out of any other fund from which the Shelby County Commission elects to pay said officers.
"(b) The Chief Deputy, Lieutenant, Chief Investigator, and Sergeant shall begin employment under the provisions of this act in a grade not greater than grade 4 corresponding to the rank listed opposite said position. All other personnel listed shall begin employment under the provisions of this Act in the grade corresponding with the number of years experience in law enforcement."
Section 2. All laws or parts of laws which conflict with this Act are repealed.
Section 3. This Act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.
Act No. 417
 AN ACT
To regulate further the compensation of certain public officers; to provide for such a salary adjustment for Alabama state troopers and police communications officers as will bring the salaries of these employees of the Department of Public Safety to a level approximating the average salary of like employees in the Southeastern United States; to make an appropriation to implement this act; and to repeal conflicting laws.
Be It Enacted by the Legislature of Alabama:
Section 1. The Legislature of Alabama commissioned a study of state salary structures in 1975 and such study indicated that a notable salary lag existed between state troopers in Alabama and other troopers of the Southeast and the Nation. Recognizing the qualifications and training required for personnel filling these positions, their constant exposure to danger, their irregular work schedules under a wide range of conditions, the Legislature does hereby appropriate out of the general fund, for the fiscal year beginning October 1, 1977, the sum of $2,480,000.00 to implement this act.
Section 2. The State Personnel Department shall increase the salaries of the following classifications of employees within the State Department of Public Safety in the amount of $115.00 bi-weekly: State Trooper Cadet, State Trooper, State Trooper Corporal, State Trooper Sergeant, State Trooper Lieutenant, State Trooper Captain, State Trooper Major, Police Communications Officer I, Police Communications Officer II, and Police Communications Supervisor I.
Section 3. The Director of the State Personnel Department shall revise the schedule of rates set forth in the pay plan for classes of employees enumerated in Section 2 subject to the merit system law to reflect this increase herein provided and shall certify the same to the State Comptroller *Page 1099 
who shall issue his warrants in accordance therewith.
Section 4. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
Section 5. All laws or parts of laws, general, local or special, in conflict with this act are hereby repealed.
Section 6. This act shall become effective on the beginning of the first state pay period beginning on or after October 1, 1977. It is specifically provided, however, that this act shall not affect the compensation of any officer or employee of Coosa County or of Tuscaloosa County even though the compensation of such officers was heretofore prescribed by a law, which based such compensation on or in some way related it to the compensation of one or more of the positions in the above listed classifications.