MERRILL, Chief Justice.
All the members of the Supreme Court of Alabama recused themselves in these cases. The following were appointed to hear and decide them. Retired Justice Pelham J. Merrill of Montgomery was appointed to serve as Chief Justice and retired Justice Robert B. Harwood of Tuscaloosa, retired Circuit Judges Robert M. Hill, Sr., of Florence, Eris F. Paul of Elba, Ingram Beasley of Birmingham, James H. Sharbutt of Vincent and William D. Bolling of Mobile were appointed to serve as Associate *817 Justices “with full and complete authority as if they were the active Justices of the Supreme Court of Alabama, until the final determination of these cases.”
The case was argued and submitted to this Court on June 19, 1984.
The suit was filed in January 1983 by appellant Brassell showing that certain officers and employees whose salaries were set by law were going to receive more pay than they should because there were twenty-seven pay days in the fiscal year 1982-83, rather than the usual twenty-six and if those officers and employees continued to be paid the same amounts every two weeks that they had been receiving, they would receive more than their annual salary which was fixed by law. This did not affect the state employees under the merit system because they are hired and paid under a two weeks pay schedule. The statute under which the officers and employees were paid at that time was Section 36-6-1, Code of Alabama 1975.
“The salaries of all officers and employees of the state of Alabama shall be payable biweekly; except, that where the day on which such salaries are payable is a holiday, such salaries shall be payable on the last working day preceding such holiday. Every state officer or employee whose salary is fixed in accordance with the pay plan of the state merit system shall be entitled to recieve one half of his monthly salary as prescribed in the pay plan at the end of such pay period. The salary of every other officer or employee shall be payable bi-weekly and shall be an amount which is to be determined by dividing the number of pay periods in the fiscal year into his annual salary. Any unpaid salaries may be paid upon the expiration of the term of employment of the officer or employee.”
Some parties were allowed to intervene in the suit including two justices, a few circuit judges, a court reporter, a circuit clerk and a district attorney.
All of the circuit judges of the 15th Judicial Circuit (Montgomery County) recused themselves and Chief Justice Torbert assigned the case to retired Circuit Judge James 0. Haley of Birmingham.
After several hearings Judge Haley rendered his decree on July 11, 1983.
The appellants made motions for a rehearing and a new trial. The motions for rehearing were granted, extensive testimony was taken, and the original decree was amended in one particular — to rectify any compensation due a salaried officer or employee who resigned or retired during the period when the pay was diminished to keep from overpaying the officer or employee the salary due him by law.
We think and agree that Judge Haley’s decrees are excellent, understandable and fair, and we affirm his holding. We adopt his decrees as ours and we quote them verbatim except that we add ten words in brackets at one place in his opinion.
“FINAL DECREE
“This matter coming on to be heard at three hearings and after the submission of briefs by the parties, the following Order is made:
“1. That the motions of the Intervenors are due to be granted by agreement of the parties and the same are hereby GRANTED;
“2. That all Motions to Dismiss, including that by the plaintiff, with the parties’ agreement, are DENIED;
“3. That the motion for class certification is, with consent of all parties, DENIED based on the determination by the Court that the action is properly one for a Declaratory Judgment and further based on the agreement by the Alabama Department of Revenue that all similarly situated officers and employees covered by the declaration will be similarly treated;
“4. That no money judgment need be entered for any individual plaintiff against any defendant;
“5. That by agreement of the parties all demands for trial by jury are WITHDRAWN and all rights to trial by jury WAIVED;
*818 “6. Normally, there are 26 pay periods, and/or ‘pay days’ in a calendar or fiscal year but in each eleventh year there will be 27 pay periods or ‘pay days.’ This controversy centers around the 27th pay day since it does occur in the 1982-83 year. Every party to this lawsuit admits that each officer and employee who is paid on an annual basis is entitled to his or her full annual pay, no more and no less. A cursory consideration of the problem would lead one to the conclusion that the answer is an easy one, but that is not the case. By using a divisor of 27 in the year 1982-83 instead of 26 would result in the under payment of those persons who were not in the office for the full year unless the Court accepts the contention of the Finance Director that the annual pay goes to the office and not the incumbent of that office. The Court rejects this contention.
“Strong arguments have been made by some of the intervenors in an effort to show that by going back into the pay they have received in past years and by using a per day wage and sometimes a calendar year basis rather than a fiscal year basis, they have been under paid. The State’s budget and the appropriation to meet the budget are based on the fiscal year and the Court must decide the case on that basis. This Court in the present proceeding is being asked to construe the law so as to assure that those persons affected will receive the correct amount of pay for 1981-82 and 1982-83 in view of the 27 pay days in 1982-83. The Court does not have the authority to go back beyond this period and correct any under payments or any over payments in years prior to the period involved. The Court is of the opinion that this Order does assure every person affected his or her full salary for the two years involved. [This was supported by evidence from both appellants and appellees.] * Each year prior thereto had 26 pay days whether the payments were on a bi-weekly or a semi-annual basis and presumably they received Vk of their annual salary each time they were paid.
“7. That the cycle creating an extra payday in each eleventh fiscal year could be best addressed by legislative correction providing for semi-monthly payments to these officers and employees, but that the present bi-weekly salary basis does not create such a problem as to be constitutionally impermissible;
“8. That the officers and employees covered by this action fall into two general classes for the purposes of this Order, those who received their full annual salary in fiscal year 1981-82 and those who did not;
“9. That the Circuit and District Judges of this state are in the latter category and those who served in the prior fiscal (1981-82) year failed to receive their final paycheck in that year. This Order directs the Department of Finance to correct this underpayment in accordance with the following provisions of the Order.
“Based upon the above and foregoing findings it is the ORDER, JUDGMENT and DECREE of this Court that each officer and employee should receive the entire annual salary, or proportion thereof, provided for his office during each fiscal year.
“It is further ORDERED that in order to achieve this result the Finance Department of this state should calculate the amount each such officer and employee has received this fiscal year (to include the October 1, 1982, payment) up to the beginning of the first full pay period after the effective date of this Order and then subtract that amount from the annual salary for these officers and employees and pay the remaining balance to those officers and employees in equal installments over the remaining paydays occurring in this fiscal year. In order to administratively implement this Order, the Finance Department is directed to pay such remaining amount in equal installments commencing with the payday of the first full pay period after the effective date of this Order. If any officer or employee was underpaid in the fiscal year 1981-82, as the District and Circuit *819 Judges were, the amount of this underpayment should be added to the authorized annual salary for this fiscal year before this calculation is made in order that he or she shall receive the full compensation due him or her. It is determined that the Circuit Judges were underpaid $1,538.50 in fiscal year 1981-82 and the District Judges were underpaid $1,230.80 in that fiscal year.
“If an officer or employee was underpaid in fiscal year 1981-82, he or she shall be entitled to the same treatment based on repayment of the fiscal year 1981-82 underpayment and payment for the portion of the present fiscal year in office at a daily rate determined by dividing the annual salary by 365 and multiplying this daily rate by the total number of days in office in the 1982-83 fiscal year.
“If an officer or employee has only worked a portion of this fiscal year, then he or she should receive the daily rate times the number of days in office this fiscal year.
“Every officer and employee’s rate of pay should be such that will insure that he receives his full daily rate for the number of days in office in the fiscal year 1982-83. For example, any employee who has been receiving less than the daily rate during said fiscal year shall have his daily rate adjusted for the remaining paydays to insure full compensation.
“Attorney Jim Zeigler has petitioned the Court for an order allowing him an attorney’s fee for filing this suit on behalf of a tax payer. At the last hearing the Court reserved ruling on this Motion and gave to attorney Zeigler and the attorney for the Finance Department, time to submit briefs on the legal question of the Court’s authority to award an attorney’s fee in a case of this type. Mr. Zeigler has submitted a brief and argument but has cited no Alabama authority for the allowance of a fee. He did submit a Law Review article from Wake Forest Law Review. The Supreme Court of Alabama, however, in the case of Shelby County Commission v. Smith, 372 So.2d 1092 (1979) and in the case of City of Montgomery v. Collins, 355 So.2d 1111 [1978], refused to allow attorney’s fees in tax payers suits unless specifically authorized by statute. Alabama statutes do not provide for attorney’s fees in cases of this type and no fund out of which the fees can be paid has been created as a result of this lawsuit. As a matter of fact, the underpayments which have been ordered paid most likely will result in the state paying out more than it will save as a result of this litigation, if in fact, it saves anything.
“For the reasons that the Court lacks authority to award an attorney’s fee, the Motion for a fee is DENIED.
“Each party shall bear his own costs.
“DONE and ORDERED this 11th day of July, 1983.
“(Signature of Judge James 0. Haley, Circuit Judge Retired, Sitting by Special Appointment from the Supreme Court)”
The order after the rehearing reads as follows:
“IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the original decree is amended as follows:
“If the employment of any officer or employee was terminated between October 1, 1982 and September 30, 1983, the Department of Finance shall compute the amount of salary earned in said period by using a divisor of 27 in computing his biweekly salary rather than using the per day basis contained in the original decree.
“Except in the respects hereinabove decreed all motions for rehearing and/or to alter, amend or vacate the final decree entered on July 11, 1983 are overruled.
“DATED this the 4 day of October, 1983.
“(Signature of James O. Haley, CIRCUIT JUDGE)”
The decree of the trial court, as amended, is due to be, and it is hereby, affirmed.
The best feature of this case is that this problem will not arise again. Following Judge Haley’s suggestion in paragraph 7 of the final decree, the 1983 legislature amended the law so that all officers and *820 employees whose salaries are fixed by law will be paid on the fifteenth and last day of each month, thereby eliminating all of these officers and employees from the “pay period” provision.
AFFIRMED.
HARWOOD, HILL, PAUL, BEASLEY, SHARBUTT and BOLLING, JJ., concur.

 (Added by this Court.)